## Junge's Appeal. (No. 1.)

*Municipalities—Zoning ordinance—Acts of June 21, 1919, P. L. 570, May 11, 1921, P. L. 503, May 1, 1923, P. L. 122—Board of Appeals— Discretion vested in Board of Appeals—Departure from strict letter of ordinance.*

Where a zoning ordinance has been adopted, pursuant to the Act of June 21, 1919, P. L. 570, and its amendments of May 11, 1921, P. L. 503, and May 1, 1923, P. L. 122, the Board of Appeals may order a departure from the strict letter of the ordinance only where there are practical difficulties or unnecessary hardships in the way of carrying it out.

The difficulties and hardships which move the Board of Appeals to depart from the strict letter of the ordinance should be substantial, serious and of compelling force; the fact that the change might improve the selling or rental value of a property is not sufficient.

The authority placed in the Board of Appeals is not an arbitrary one. The discretion vested in it is subject to review if abused or not exercised in accordance with the provisions of the Act.

Where plans, as originally approved by the Board of Appeals, do not involve any practical difficulties or unnecessary hardships, it is error for the Board to approve of a construction inconsistent therewith.

Argued October 15, 1925. Appeal No. 44, April T., 1926, by petitioner, from the order of C. P. Allegheny

County, July T., 1925, No. 1209, in appeal of Charles
O. Junge from the decision of the Board of Appeals
under Zoning Case No. 441 of 1925.   Before PORTER,
HENDERSON, TREXLER, KELLER, LINN and GAWTHROP,
JJ.   Reversed.

Petition to the Board of Appeals of the City of Pitts-
burgh, under zoning ordinance of said city, to compel
the removal of a foundation wall.  Before FORD, J.

The facts are stated in the opinion of the Superior
Court.

The court dismissed the appeal.  Plaintiff appealed.

*Error assigned* was the order of the court.

*Martin Croissant* for appellant.

*Thomas M. Benner,* City Solicitor, for appellee.

OPINION BY KELLER, J., February 26, 1926:

This appeal grows out of the Zoning Ordinance of
the City of Pittsburgh (No. 372, approved August 9,
1923), enacted pursuant to the Act of June 21, 1919, P.
L. 570 and its amendment of May 11, 1921, P. L. 503,
and the Act of May 1, 1923, P. L. 122.

The material facts in the case are as follows: John
T. Costello is the owner of premises No. 804 Bellaire
Avenue.  The said lot is located in what is described in
said ordinance as a "first area district."  The ordi-
nance requires that in such district every one-family
dwelling thereafter erected "shall have a side yard on
each side, one of which shall be at least three feet
wide and the total width of both side yards shall be not
less than ten feet."

On September 12, 1924, Costello applied to the
Superintendent of the Bureau of Building Inspection
[hereinafter called Superintendent] for a building per-
mit to construct a single family dwelling upon said lot.

The application was refused because it violated certain zoning regulations. On appeal the Board of Appeals [hereinafter called the Board] reversed the decision of the Superintendent and directed a permit to issue. The plot plan as approved by the Board called for a side yard three feet wide on the west side and a side yard six feet wide on the east side.

On April 15, 1925, the Superintendent revoked the permit issued pursuant to the decision of the Board because Costello was not constructing his building according to said plans; the building as constructed was two and one-half feet wider and left a side yard only three and one-half feet wide on the east side. Costello appealed to the Board (April 16, 1925), and again (April 22, 1925) the Board reversed the Superintendent and ordered the permit to reissue provided the side porch on the east side was changed to an open porch. Thereupon this appellant, an adjoining property owner, filed a protest with the Board alleging that Costello was also not following the plans approved by the Board in the construction on the west side; that said plans called for a rear porch on the west side with three supporting columns, whereas he had converted said open porch into an additional cellar room at the rear of his house constructed of masonry with the west wall thereof on the party line. The Board after hearing (May 1, 1925) dismissed the protest. Appellant thereupon appealed from the last two rulings of the Board, to the Court of Common Pleas, which dismissed the appeal, on the ground that it could not interfere with the discretion vested in the Board, and the appeal to this court followed.

Section 2 of the Act of May 1, 1923, supra, provides: "The board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination, as in its opinion ought to be made in the premises, and, to that end, shall have all

the powers of the officer from whom the appeal is taken where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinance.  The board of appeals shall have the power in passing upon appeals to vary or modify any of the regulations or provisions of said ordinance in harmony with their general purpose and intent, and in accordance with general or specific rules therein contained, so that the spirit of the ordinance shall be observed; the public health, the public safety, and the general welfare secured; and substantial justice done.''  Section 54 of the Zoning Ordinance confers practically the same powers on the Board.

The authority thus placed in the Board is not an arbitrary one.  The discretion vested in the Board is subject to review if abused or not exercised in accordance with the provisions of the Act.  The statute does not give the Board power to do whatever they feel inclined to, regardless of the provisions of the statute: People ex rel. Cotton v. Leo, 180 N. Y. Supp. 554.  The strict letter of the ordinance may be departed from only where there are practical difficulties or unnecessary hardships in the way of carrying it out; and in such manner that the spirit of the ordinance may be observed, the public health, safety and general welfare secured and substantial justice done.  No other considerations should enter into the decision.

We have examined carefully the proceedings and resolutions of the Board and their return to the court below, as well as the evidence taken on the several hearings, and fail to find in any of them a finding, declaration, or even the slightest suggestion that the plans as first approved by the Board involved any practical difficulties or unnecessary hardships, requiring their alteration so that substantial justice might be done.  The expression of a desire that the dining room be two feet larger is not indicative of any prac-

tical difficulty or unnecessary hardship in building the house with a side yard six feet wide on the eastern side. The difficulties and hardships which move the Board to depart from the strict letter of the ordinance should be substantial, serious and of compelling force; the fact that the change might improve the selling or rental value of the property is not sufficient: People ex rel. Werner v. Walsh, 209 N. Y. Supp. 454.

An examination of the photographs submitted with the records shows that the "porch" as constructed on the east side of the dwelling is not a porch at all, but forms an integral part of the dwelling itself, which by this device carries over the building to within three and a half feet of the property line; and that the so-called rear porch on the west side is a small room adjoining the cellar with solid masonry walls effectually covering and closing up the side yard on the west side.

No justification under the law or the ordinance appears in the record for either of these changes from the plans authorized by the Board. The evidence shows no practical difficulties or unnecessary hardships requiring the provisions of the ordinance to be further set aside, and the Board in their resolutions and return neither found nor disclosed any. No grounds for the decision of April 22, 1925, which the Board admitted was contrary to the Zoning Ordinance, were shown, as required by the Act of May 1, 1923, supra, (Sec. 7), and those advanced for the decision of May 1, 1925, to wit, that the stone porch covering the side yard on the west side was erected wholly on Costello's own land and should not be considered as an extension or portion of the building are untenable. In our opinion the action of the Board in such circumstances amounted to an abuse of discretion which the court below should have corrected.

The first, second, fourth and fifth assignments of

error are sustained.  The order is reversed and the record is remitted to the court below with directions to enter an order consistent with this opinion; and to require the building constructed on said lot to conform therewith.