## In Re: Appeal of Heman Johnson.

*Municipalities—Zoning ordinance—Board of appeals—Authority—Act of May 1, 1923, P. L. 122.*

On appeal under a zoning ordinance of the City of Pittsburgh from a decision of the Board of Appeals, the evidence established that the owner of the property varied the plans for which the building permit was issued by enclosing a space under the rear porch for use as a garage contrary to the provisions of its ordinance. On complaint by an adjacent property owner the Board permitted the change. No evidence was offered that there were practical difficulties or unnecessary hardships in building the house as originally

planned, which would warrant a departure from the exact requirements of the ordinance.

In default of such evidence the Board of Appeals erred in modifying the permit.

The ordinance itself and the Act of Assembly authorizing its enactment expressly provide for the authority of the Board of Appeals to modify the provisions of such ordinance where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance.

If difficulties or hardships are present of such character as to move the Board to vary or modify the terms of the ordinance the Board should make a finding to that effect, and state just what they are and how they affect the property so that the reviewing authority may consider them and pass upon them in the light of the further requirement that the spirit of the ordinance shall be observed; the public health, the public safety, and the general welfare secured; and substantial justice done.

Argued April 20, 1928. Appeal No. 32, April T., 1928, by petitioner from decision of the Board of Appeals under Zoning Case No. 253 of 1927, In re: Appeal of Heman Johnson. Appeal of Board of Appeals. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from a decision of the Board of Appeals revoking a building permit. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

The court ordered the permit revoked. Plaintiff appealed.

*Error assigned* was the order of the court.

*H. Stewart Dunn,* Assistant City Solicitor, and with him *Charles A. Waldschmidt,* City Solicitor, and *Thomas M. Benner,* First Assistant City Solicitor, for appellant.—A decision of the Board of Appeals based on unnecessary hardships in the way of carrying out the strict letter of an ordinance is reasonable and should be sustained: Junge's Appeal, 89 Pa. Superior Ct. 543; Bell ex rel. Sheldon v. Board of Appeals, 234

N. Y. 485; People ex rel. Cotton v. Leo, 180 N. Y. Supp. 554.

*Martin Croissant,* for appellee.—Where there are no practical difficulties or unnecessary hardships in the way of carrying out the strict letter of a zoning ordinance the Board of Appeals has no power to vary a restriction: People ex rel. Werner v. Walsh, 212 App. Div. 635; Stillman v. Board of Standards and Appeals, 222 App. Div. 19; Stubbe v. Adamson, 220 N. Y. 459.

OPINION BY KELLER, J., July 12, 1928:

In March, 1926, the Board of Appeals of the City of Pittsburgh (Zoning Ordinance, 1923, No. 372) approved the plans and issued a permit for the erection of a one-family dwelling by T. G. Santoro on an irregular shaped lot owned by him at No. 2318 Broadway, 19th Ward.

He proceeded to erect a building differing from the plans filed by him and approved by the board. Complaint was filed by the owner of an adjacent property, and after a hearing and examination of the premises the board permitted an open porch at the rear of the house to be enclosed for use as a garage.

On appeal to the Court of Common Pleas the appeal was sustained and the court ordered the permit issued by the board to be revoked in so far as it permitted the enclosing of the space under the porch.

We do not understand that the lower court decided that the Board of Appeals has no power to vary or modify the provisions of the zoning ordinance. The ordinance itself and the act of assembly authorizing its enactment expressly provide for such authority "where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter

of the ordinance,'' provided ''the spirit of the ordinance shall be observed; the public health, the public safety, and the general welfare secured; and substantial justice done.'' In Junge's App., 89 Pa. Superior Ct. 543, 546, we expressly recognized this power of the board to vary or modify the provisions of the zoning ordinance where the occasion for doing so, permitted by the act and ordinance, was present and the action was not arbitrary or the result of favoritism. We do not understand the order of the court to be in conflict with this ruling. We take the ruling of the court below to mean that in this particular case the board had not the power to vary or modify its original order and permit because it had not found that there were practical difficulties or unnecessary hardships in the way of building the house as the owner himself had first planned it. If such difficulties or hardships are present of such a character as to move the board to vary or modify the terms of the ordinance, the board should make a finding to that effect, and state just what they are and how they affect the property, so that the reviewing authority may consider them and pass upon them in the light of the further requirement that ''the spirit of the ordinance shall be observed; the public health, the public safety, and the general welfare secured; and substantial justice done.'' As we said in Junge's App., supra, the authority placed in the board is not an arbitrary one. Sufficient reasons should always appear in the ruling of the board— in harmony with the object of the statute—, for a modification because of practical difficulties or unnecessary hardship in carrying out the ordinance. They are lacking in this case.

The order is affirmed.