## Texas Company v. City of Bethlehem et al.

*Municipalities—Zoning ordinance—Building permit—Refusal of permit—Mandamus—Appeal—Remedy—Act of April 27, 1925.*

Where a zoning officer has refused a certificate of occupancy and his decision has been affirmed by the board of appeals, the remedy under the Act of April 27, 1925, P. L. 344, is by an appeal to the Common Pleas, and not by an application for a writ of peremptory mandamus against the city and the zoning authorities to compel the grant of the permit.

Petition for writ of alternative mandamus. C. P. Northampton Co., Feb. T., 1927, No. 176.

*Butz & Rupp,* for plaintiff; *Booth & Barthold,* for defendants.

STOTZ, J.—The plaintiff company is the owner of a lot of ground at the southwest corner of Broad Street and 13th Avenue, in the City of Bethlehem, and desires to erect thereon a one-story gasoline service station. To do so, it must comply with the terms of Ordinance No. 44, known as the "Building Code," section 5 of which provides, *inter alia,* that it must first obtain from the city's building inspector a proper permit. A permit could issue only after further compliance with Ordinance No. 523, known as the "Zoning Ordinance." This latter ordinance provides (section 31) for an "administrative officer," whose duty it is to administer and enforce the zoning regulations prescribed by the ordinance; and, furthermore (section 32), that "no vacant land shall be occupied or used and no building hereafter erected or structurally altered shall be used or changed in use until a certificate of occupancy shall have been issued by the administrative officer." The plaintiff applied for, but failed to obtain from the administrative officer, a "certificate of occupancy," such certificate being refused on the ground that the use of the proposed structure in that particular district without the consent of the property owners in the immediate vicinity was prohibited by the zoning ordi-

Texas Company *v.* City of Bethlehem et al.

nance. The ordinance also sets up a "a board of appeals," and provides (section 39) that "appeals from the decision of the administrative officer may be made to the board of appeals by any person aggrieved, etc." An appeal was taken by the plaintiff to the board of appeals, and the board sustained the administrative officer.

As to the proposed structure itself, the plans and specifications thereof were in full compliance with the rules, conditions and specifications of the Building Code, and, so far as that aspect of the matter was concerned, the plaintiff was entitled to receive from the building inspector a building permit. But the inspector, by reason of the zoning ordinance, could not legally issue such permit unless the plaintiff first complied with the further prerequisite of producing to him a "certificate of occupancy" from the zoning administrative officer, and without a building permit the plaintiff could not build.

The plaintiff at no time applied to the building inspector for a permit, but went no further than to the zoning authorities for a certificate of occupancy. Failing to secure such certificate, it, nevertheless, began the erection of the building. Thereupon, on information and complaint by the building inspector, the agent of the plaintiff company having charge of the operation was arrested, and, after a hearing, was fined in the sum of $25. A petition for the allowance of an appeal was then presented to the court and allowed, and this phase of the matter is disposed of in a separate opinion filed herewith. At the same time, or immediately thereafter, the present petition for a writ of alternative mandamus, in which the City of Bethlehem, the building inspector and the zoning administrative officer are all named as defendants, was filed.

The petition for the writ of mandamus sets up that on or about June 12, 1926, the plaintiff made application to Walter W. Strassburg, the building inspector, for a permit under section 5 of the Building Code, that the plans and specifications for the proposed building were submitted to and approved by the said inspector as well as the zoning officer, and that, although the plaintiff had complied with the requirements of the Building Code, the inspector unlawfully refused to issue such permit. The return to the writ specifically denies this, and the testimony taken at the hearing confirms the return. The return admits, however, that the plaintiff sought to comply with the zoning ordinance and made application to Mr. Shoffner, the zoning administrator, for a certificate of occupancy, which was refused. The return further shows that, while an appeal was taken from the decision of the administrator to the board of appeals, no appeal from the board which sustained the administrator has been taken to the Court of Common Pleas, as is provided for in the Act of April 27, 1925, P. L. 344.

It is clear, therefore, that, so far as Mr. Strassburg, the building inspector, is concerned, the writ must be dismissed. He has not refused, lawfully or unlawfully, to issue a permit, for the reason that no application has been made to him for a permit. As to Mr. Shoffner, the administrative officer, it will be observed that the petition for the writ does not complain that he wrongfully or otherwise refused to issue a certificate of occupancy, and the prayer does not ask that he be commanded to issue such certificate. The prayer is for a writ "commanding *them* (all three respondents), and particularly Walter W. Strassburg, building inspector, to issue a building permit under said ordinance" (Building Code Ordinance). Mr. Shoffner cannot, of course, be commanded to issue a building permit, as he has no jurisdiction or duty in the matter. For the same reason, Mr. Strassburg could not be directed to issue a certificate of occupancy if it were asked for.

Texas Company v. City of Bethlehem et al.

If it was intended by this proceeding to compel the City of Bethlehem, through its zoning authorities, to issue to the plaintiff a certificate of occupancy, and thus remove the barrier standing in the way of securing a building permit, in our view of the matter, the plaintiff has not pursued the proper method. A certificate of occupancy for a gasoline filling station in a class B residence district, which this is, is not a matter of right under the provisions of the ordinance, but, when granted at all, is one of exception. The ordinance itself provides that a party failing to secure a certificate from the administrator may appeal to the board of appeals, and section 40 (c) reads: "The board may reverse or affirm wholly or partly, or may modify, any order, requirement, decision or determination appealed from, as in its opinion ought to be made in the premises. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance, the board shall have the power, in passing upon appeals, to vary or modify any of the regulations or provisions of this ordinance in harmony with its general purpose and intent and in accordance with the general or specific rules herein contained, so that the spirit of this ordinance shall be observed, the public health, the public safety and the general welfare secured and substantial justice done." The board is given discretionary powers, and these powers are constitutional. In the very recent Superior Court case of Junge's Appeal, No. 44, April Term, 1926 [89 Pa. Superior Ct. 543], in which the opinion was written by Judge Keller and handed down March 3, 1927, the court says: "But we are not convinced that the authority thus given the city by statute is unconstitutional. The purpose of the above-mentioned provision in the Constitution was to prohibit the legislature, either directly or indirectly, from taking away municipal powers from the municipal authorities and conferring them on outside bodies, as had been done by the general assembly from time to time prior to the adoption of the Constitution of 1873, notably, when the legislature of 1870 created and appointed the Public Buildings Commission of Philadelphia (Act of Aug. 5, 1870, P. L. (1871) 1548). The legislature did not appoint the board of appeals, nor has it delegated to it the municipal function of establishing zoning regulations and restrictions nor of enforcing them. The council enacted the ordinance, and the superintendent of building inspection, an officer of the city, is charged with the duty of enforcing it. The board of appeals is a body created by the city (appointed by the mayor and confirmed by council—pursuant to an ordinance of the city) as an arm or bureau of the city government to pass upon cases where it is alleged there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance, and if it find such to exist to modify the requirement, provided it can be done in such a way that the spirit of the ordinance is observed and without injury to the public health, safety and general welfare. The city council is not forbidden to perform certain of its functions by the aid of agents or commissions appointed by it. This is especially the case where new municipal powers or functions are conferred on the city. The board of appeals does not make zoning regulations for the city; it can only, as the authorized agent of the city, modify the regulations in individual cases where the circumstances warrant the application of the relief under the provisions of the ordinance."

The board having sustained the administrator, the plaintiff's further remedy is prescribed by act of assembly, viz., an appeal to the Court of Common Pleas. This remedy must be resorted to before mandamus will lie. A writ of mandamus "has never been held to be a proper remedy, except

where there is a clear legal right in the relator, and a corresponding duty of defendant, and the want of any other adequate, appropriate and specific remedy:" Com. ex rel. v. Fitler, 136 Pa. 129, 141, citing Com. v. Pittsburgh, 34 Pa. 496, and Lehigh Water Co.'s Appeal, 102 Pa. 515. Here, the right in the relator to a certificate is by no means clear, but if such right exists, the plaintiff has the specific remedy provided by the act.

In view of these considerations, it is not necessary to review and discuss the very able arguments of counsel for both sides respecting the reasonableness and validity of the sections of the zoning ordinance involved in the controversy. It would serve no useful purpose at this time.

Now, April 4, 1927, the writ is dismissed, at the cost of the realtor.

From Henry D. Maxwell, Easton, Pa.