## Yancale et ux. v. Philadelphia Zoning Board of Adjustment

*W. V. Mullin,* for appellants.

*F. F. Truscott,* city solicitor and *G. C. Farrier,* assistant city solicitor, for Philadelphia Zoning Board of Adjustment.

*Russell C. Wismer,* for intervening defendant.

SLOANE, J., June 13, 1949.—The Philadelphia Zoning Board of Adjustment granted a certificate of variance, permitting by that certificate the erection of a one-story addition to the rear of the property at the northwest corner of Hegerman and Princeton Streets, Philadelphia. The board said, through its secretary, "an unnecessary hardship would be imposed upon the owner if the strict requirements of the ordinance as to rear yard, open area and set back are enforced" (appeal no. 109), and "a permit for an addition to a retail store, a nonconforming use, should be granted" (appeal no. 110).

That is the holding and the whole record of the board in the matter.[1] It is mere repetition of almost the exact words of the Act of May 6, 1929, P. L. 1551, sec. 8, 53 PS §3829, and adds nothing. "Mere repetition of the general language of the statute adds nothing"; Real Properties, Inc., v. Board of Appeal of Boston, 319 Mass. 180, 183.

---

[1] There is attached to and included in the record sent up to us by the certiorari a refusal of permit by the Department of Public Works. The refusal is based on the failure to conform to the area requirements of the district as to rear yard depth, open area, and set back.

The decision is the record; it is not adequate. We do not know on what basis the board exercised a discretion in granting the variance. At least, the board should "concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from. .": Act of May 6, 1929, P. L. 1551, sec. 8, 53 PS §3829. There are no findings, no reasons are given, — nothing but the printed form showing that "Appeal having been made" and ". . the board having held public hearing after due notice as required by law", it is of the opinion recited above. The record does not show who attended the hearing or what evidence was before the board. We have no idea of the board's basis or reasoning. As far back as 1929 our Supreme Court said:

"The reasons for the action of the adjustment board, as well as the testimony inducing the decision, must appear in the record returned for review, though this may be supplemented at the hearing by additional witnesses": Valicenti's Appeal, 298 Pa. 276, 281.

We do not know, and we have tried to persuade the assistant city solicitor that if understandingly we are to review the board's discretion (Jennings' Appeal, 330 Pa. 154, 157), we should know how it is exercised. If discretion is to be reviewed, the basis must be known. We ought to be able to consult the board's postulate.

From the present record of the board, it can be concluded either that the board's decision is the result of fiat or that it is the result of an exercise of discretion. In the absence of an intelligent, adequate record, we had the alternative of sending the matter back (see dissenting opinion of Mr. Justice Jones in Devereux Foundation, Inc., Zoning Case, 351 Pa. 478, 491), or taking our own testimony. We were told there would be no avail in sending the matter back to the board; we took testimony, which we are authorized to do by the Act of May 6, 1929, P. L. 1551, sec. 8, 53 PS §3829.

See McNichol et al. v. Gallagher et al., 66 D. & C. 338, 339. Applicant-owner stated that his testimony before us is substantially the same as that given to the board.[2]

Mr. Passaretti, applicant, has owned the property since 1923. From 1927 to 1945, he conducted a grocery store on the ground floor, and lived upstairs, with the kitchen to the rear of the store. In 1945 he moved out, and rented the store to a church. He now wants to alter the property to make the store larger. The store was too small; ". .When I waited on people, we didn't have no more room. We had to stay on one side, just didn't have no room", and he wants to enlarge it by taking in the present kitchen, and by building a new kitchen to the rear. The store is to be operated by his son, or perhaps by a daughter. In doing that, he will do away with the required minimum depth of the rear yard (nine feet) and the required total open area (20 percent of the whole area—187 square feet). The property is zoned "D residential", and under the same zoning the open area "shall be not less than. . . . twenty (20) per cent. on corner lots", and the rear yard must have a minimum depth of nine feet: Zoning Ordinance of Philadelphia, 1933, as amended.

Was there an abuse of discretion by the board in granting the variance?: Jennings' Appeal, 330 Pa. 154; Triolo et al. v. Exley et al., 358 Pa. 555. All that the board says is that, ". . an unnecessary hardship would be imposed on the owner if the strict requirements of the Ordinance as to rear yard, open area and set back are enforced." From the evidence before us (and we assume the evidence to be the same as before the board), the hardship is the smallness of the store, but the question recurs whether it is an unnecessary

---

[2] "Q. The testimony that you are giving before this court—did you testify in substantially the same manner before the zoning board? A. The same thing I say now, one room addition to the grocery store."

hardship. We must keep before us that for a variance to be permitted, the reasons must be "substantial, serious and compelling": Valicenti's Appeal, 298 Pa. 276, 283; Junge's Appeal (No. 1), 89 Pa. Superior Ct. 543, 547. There is always a necessity, and if variances are granted where the circumstances are not peculiar and exceptional, "there would be little left of the zoning law to protect public rights": Devereux Foundation, Inc., Zoning Case, 351 Pa. 478, 485 (appeal to the United States Supreme Court dismissed "for want of a substantial federal question": Devereux Foundation, Inc., v. Lea et al., 326 U. S. 686) ; Ventresca v. Exley et al., 358 Pa. 98.

We find and conclude there is no *unnecessary* hardship in this case: Act of 1929, P. L. 1551, sec. 8, 53 PS §3829. Mere hardship is not enough; there must be unnecessary hardship: Devereux Foundation, Inc., Zoning Case, supra. There may be hardship in that petitioner or his son or daughter should have a bigger grocery store. The unhappy, economic-distress position of owner-applicant is a factor. But in considering hardship the neighborhood must be considered, too. Such consideration is in the public interest, and for general welfare. It will be noted that the neighbors' back yards will in effect be cut off by this addition, and quite properly they deserve consideration. It is true the neighbors have no easement of light and air (Cohen et ux. v. Perrino et ux., 355 Pa. 455), and if owner-applicant were within the Ordinance they would have no redress. But the balance of the two considerations indicates no "substantial or compelling reason" for departure from observance of the Zoning Ordinance (see Crawford Zoning Case, 358 Pa. 636). See generally 97 U. of Pa. Law Review 68; 168 A. L. R. 1, 13 et seq.

We do not think the circumstances here present warrant a departure from the terms of the zoning

ordinance. There does not exist an unnecessary hardship, and we conclude that the board abused its discretion and acted arbitrarily in granting the variance. Discretion is caution, too.

The appeal is sustained. The decision and action of the board of adjustment is reversed.

