Krinks' Appeal.

Argued September 30, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Armin H. Friedman,* with him *Thomas M. Benner,* for appellant.

*Harry M. Jones,* for appellee.

OPINION BY MR. JUSTICE LINN, December 5, 1938:

This appeal brings up a proceeding under the zoning ordinance of the City of McKeesport, a city of the third class. Appellant contends that he was deprived of a hearing, and, therefore, of due process. We can find no support for his contention; on the contrary, the record shows that there were more hearings than the law requires.

Appellant's relation to the land involved is not clear; so far as appears, and the burden of showing his title was on him, he may have been merely a tenant at will. The premises were owned by appellant's father and were known as 1508 Ravine Street. They consisted of a one-story, cement-block building 93 x 20 feet, at one end of which was a repair shop 25 x 36 feet. Appellant testified, "My father ran the car garage for public use, but my brother and I had the repair shop on the other end." That was the condition when, in 1933, the zoning ordinance became effective. 1508 Ravine Street was in "B" residence district, in which, thereafter, a public garage and repair business was prohibited unless within the exception made by the ordinance.

Section 18 made such exception,[1] and, pursuant to it,

---

[1] Section 18 provided: "(a) The lawful use of land existing at the time of the adoption of this ordinance, or of an amendment thereto, although such use does not conform to the provisions here-

238

the owner could have continued operating his garage and the appellant the repair shop. They were nonconforming uses which the ordinance permitted them to continue. The record shows they desired to change the use; compare *Ward's Appeal,* 289 Pa. 458, 137 A. 630; *Gilfillan's Permit,* 291 Pa. 358, 140 A. 136. In the brief of the city it is said that for a year no use was made of the premises. As to that, section 18 provided: "if such nonconforming use is discontinued, any future use of said land shall be in conformity with the provisions of this ordinance." It is not clear that the somewhat ambiguous testimony on abandonment of use goes as far as the city contends. "Q. Who worked in the garage during the

---

of, may be continued; but if such nonconforming use is discontinued, any future use of said land shall be in conformity with the provisions of this ordinance.

"(b) The lawful use of a building or structure, existing at the time of the adoption of this ordinance or of an amendment thereto, although such use does conform to the provisions hereof, may be continued and such use may be extended throughout the building; provided no structural alterations are made, other than those ordered by an authorized public officer to assure the safety of the building or structure; and provided, further, that such extension does not displace any residence use in a Residential District established by this ordinance.

"(c) A nonconforming use of a building may be changed to another nonconforming use of the same or of a more restrictive classification, provided no structural alterations are made, other than those ordered by an authorized public officer to assure the safety of the building or structure; and provided further that such extension does not displace any residence use in a Residence District established by this ordinance.

"(d) Whenever a nonconforming use of a building has been changed to a more restricted use or to a conforming use, such use shall not therafter be changed to a less restricted use.

"(e) Whenever a nonconforming use of a building, or a portion thereof, has been discontinued for a period of at least one (1) year, such nonconforming use shall not thereafter be reëstablished, and the future use shall be in conformity with the provisions of this ordinance. (See Sections 43-e-18 to 43-e-20 inclusive.)"

year you were in the mill? A. My brother was helping me out in the evenings. Q. You weren't working for about a year before that? A. We were running turns down at the mill, and then worked in the garage. Q. Then you weren't working in the garage all the time? A. Not in the last year." It may mean that their work in the garage was limited to evenings, and not that, for a year, they had abandoned the repair shop.

We come, then, to what the record contains on the subject of hearings. The minutes of a meeting of the Zoning Board of Appeals held on December 10, 1934, show that the owner, Frederick Krinks, had "made application to the Administrative Office of the Zoning Board of Appeals for permission to remodel several garages [the property in question] for the purpose of establishing a lunch room and beer garden"; that the permit had been refused and that the owner had appealed to the board. The minutes show that a hearing was held, that Mr. Krinks described the premises, and the use made of them, and the proposed change in use which he wished to make. At the conclusion of the hearing, the chairman of the board stated to Mr. Krinks, "We have to follow the rules, and there is nothing in the Ordinance giving us the right to issue a permit. Now, if you want to continue operating your garage we can't stop you, but if you want to change your business to a lunch and beer garden, that's different, and we can't issue a permit." While Mr. Krinks was orally informed that his application was refused, it seems that no formal vote of the members of the board was taken on the rejection of the appeal, and that omission became the basis of a second application for the same permit. This appears in the minutes of a meeting on February 14, 1935, at which the owner again was present and, this time, was accompanied by counsel. His counsel called the attention of the board to the fact that no formal vote of the meeting of December 10, 1934, was recorded. The appeal was then heard and considered *de novo*. The owner and an

assistant city engineer testified. The board then concluded by formal vote that was recorded that the ordinance forbade "the erection of a beer garden in a residential district" and again refused the requested permit.

That action was final unless changed in accord with the zoning law. The statute[2] allows thirty days from the decision of the board for appeal to the common pleas but no appeal was taken. The proceedings before the board had determined that pursuant to the ordinance the premises in question could not be used as a restaurant and beer garden. No element of due process was wanting.

Notwithstanding that there had been two hearings on the subject, and that the time for appeal had elapsed without complaint of the decision of the board in the manner allowed by the statute, a third attempt to litigate the point was made. On July 19, 1935, the present appellant (son of the owner) applied in writing[3] to the administrative officer for leave to change the occupation of the premises from "an automobile repair shop to a Restaurant and beer garden." That was mere repetition of the same application which had been made by the owner and denied by the board and allowed to become final by the owner. It cannot be said that the appellant's application, by referring to the repair shop, was

---

[2] Section 4113 of the Act of 1931, P. L. 932, 1100, 53 PS section 12198-4113, says: "Any person or persons . . . aggrieved by any decision of the board of appeals, . . . may present to the court of common pleas of the respective county a petition duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality. Such petition must be presented to the court within thirty days after the filing of the decision in the office of the board."

[3] "I would like to apply for a Certificate of Occupancy under Section No. 37 of the Zoning Ordinance for a change from one non-conforming use, existing at the time of the passage of the Ordinance, to another nonconforming use; that is, from occupying the premises as an automobile repair shop to a Restaurant and beer garden."

in fact different from the owner's former applications because the repair shop was conducted at the end of the garage. Each application took in the entire premises 1508 Ravine Street, the same premises in which appellant is now conducting his restaurant and beer garden. The administrative officer to whom the application was addressed, refused it in writing on the ground that the proposed use was "contrary to ordinance." The record contains a minute[4] dated August 8, 1935, showing that, on appeal, the application was again denied by the board. The applicant then, within thirty days, filed a petition in the common pleas for leave to appeal to that court, averring that his appeal from the decision of the administrative officer "was *heard* on August 8, 1935, and denied." It is a little difficult, after three hearings, to understand the basis of the argument that there was no hearing. In this petition he averred that since June 15, 1935, he had been conducting "a restaurant and beer garden" on the premises. After the father's application for a permit to conduct that business had been denied by the board, no one had any right to conduct it without a permit; appellant's conduct was obviously contrary to law. Despite the fact that the record at the time showed that the applicant was violating the law in conducting the restaurant and beer garden without a permit, the court of common pleas restrained the city authorities from interfering with this unlawfully conducted business until the disposition of the appeal. A

---

[4] " 'APPEAL OF MATHEW J. KRINKS.' Letter received and considered. Board of Appeals sustains action of Administratrive Officer in his contention that request for certificate of occupancy should have been made before change of occupancy (D. 37). The Board denies the contention of the Applicant that a Restaurant and Beer Garden would be a more restrictive use under the Zoning Ordinance than was the nature of the garage formerly operated at the same address.

"Note—For information refer to letter of 8/7/35." We have been unable to find these letters in the record.

hearing on the appeal was subsequently held in that court at which a number of witnesses testified. It was shown that appellant was conducting the restaurant and beer garden on his father's premises although the application for leave to conduct that business had been refused in February, 1935. An officer of the City of McKeesport testified that police cars had been called to the place for the purpose of maintaining order and that the police had received complaints against it. Some witnesses residing in the immediate neighborhood testified the place was noisy and others that it was not. Asked to approximate the average daily attendance at his restaurant the appellant said "about fifty a day." The court of common pleas reversed the action of the board and ordered it to issue a certificate, saying, "We are satisfied from the testimony produced in court, and from personal observation of the premises in question, that the present Non-Conforming Use does not violate the Zoning Ordinance of the City of McKeesport, but is in conformity therewith."

On the city's appeal to the Superior Court[5] the judgment of the common pleas was reversed. In the Superior Court, as appears by the opinion filed, the applicant's principal complaint was that the board had abused its discretion in refusing leave to conduct the new business. We agree with the learned court that the argument was not supported.

The appellant's interest in the repair shop conducted at the end of the garage did not render his application of July 19th an independent application unaffected by the prior dismissal of the owner's petition; the premises were the same 1508 Ravine Street. While the board acted within its administrative powers in concluding that the proposed use was one not authorized to be conducted in the "B" residence district, it might also have held that the appellant was concluded by the board's

[5] 128 Pa. Superior Ct. 405, 194 A. 231.

earlier action. The record shows that the decision of the board, made in February, 1935, unappealed from, conclusively determined that the premises in question could not be used for the purposes of a restaurant and beer garden; that conclusion should have been held to end the proceedings: compare *Taylor v. Moore,* 303 Pa. 469, 477, 154 A. 799. In view of this conclusion it is unnecessary to consider the other questions stated by appellant.

Judgment affirmed.