Gish et al., Appellants, *v.* Exley et al.

Argued September 30, 1943. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ. (STADT-FELD and RENO, JJ., absent).

*Ralph D. Croskey*, with him *Joseph A. Allen*, for appellants.

*G. Coe Farrier*, Assistant City Solicitor, with him *Robert McCay Green*, City Solicitor, for appellees.

*Edward E. Dicker*, for intervening defendant.

OPINION BY BALDRIGE, J., December 10, 1943:

This case involves the construction of the Act of May 6, 1929, P. L. 1551, 53 PS §§3829, 3833, authorizing zoning in the cities of the first class, and the Philadelphia Zoning Ordinance passed August 10, 1933, in pursuance to that act.

Alexander Burchuk applied to the Bureau of Engineering, Surveys, and Zoning for a temporary non-conforming use permit to conduct a real estate office in the basement room of his home at 5901 Castor Avenue, Philadelphia. His application was refused on the ground that a real estate office was not permitted to be conducted in that district. On appeal the Board of Adjustment, after hearing, granted a temporary non-conforming use permit "to extend for a period of not more than one year from October 25, 1942, on condition that the entrance to the basement shall be on the Van Kirk Street frontage and no signs or indication of a real estate office shall appear on the Castor Avenue frontage of the property."

The adjoining property owners took an appeal to the court of common pleas in accordance with Section 8 of the 1929 Act, supra, 53 PS §3829. After taking testimony and hearing arguments the court entered an order sustaining the action of the Board of Adjustment. From the final order of the court below dismissing exceptions

of the adjoining property owners, an appeal was taken to this court.

The Act of 1929, supra, like other acts authorizing zoning in municipal subdivisions of the commonwealth, contains no express provision for an appeal to any appellate court. We are confined in our review, in such a case, whether on certiorari or appeal, to ascertaining whether there is any evidence to sustain the findings of fact by the court below and to determine whether it exercised proper legal discretion: *Weinbach's Appeal,* 316 Pa. 333, 336, 337, 175 A. 500.

In *Fleming v. Prospect Park Board of Adjustment,* 318 Pa. 582, 178 A. 813, the court of common pleas affirmed the board of adjustment in refusing to issue a permit for the construction of garages. The Supreme Court held that as the Act of June 29, 1923, P. L. 957, there involved, was silent as to the right of appeal to any higher court "we must consider the case as if before us 'in the broadest sense allowed on certiorari': [citing cases]. In other words, we will examine the record solely with a view of determining whether there was evidence to justify the action taken by the court below, and of correcting errors of law appearing therein."

In re *Elkland Leather Workers' Assn. Inc.,* 330 Pa. 78, 198 A. 13, the Supreme Court said, p. 80: "There is a distinction between certiorari in its broadest sense and appeal. In the former, while we may review the evidence, we can only determine whether there has been *an error of law* committed. Matters resting solely in the judgment of the court below cannot be interfered with unless there has been a serious abuse of discretion. The fact the legislature has not granted the right to appeal to this Court for redress cannot be ignored."

The testimony taken by the court shows the following facts. Burchuk's two-story dwelling is a corner property with two fronts; one on the east side of Castor

Avenue and one on Van Kirk Street, where there is an entrance to the room he intends to use for an office. The entrance to this basement office is on Van Kirk Street, approached by a cement walk two or three steps lower than the street level. During the past few years Burchuk has sold in a real estate development about 1500 homes in the immediate neighborhood and has effected 500 re-sales. He is still active in matters growing out of these real estate dealings, such as insurance problems, renting and re-selling of the properties, which requires office facilities. His main office was located at the southeast corner of Cumberland and Colorado Streets in Philadelphia, approximately 8 to 10 miles away from him home. Before the war and gasoline rationing he transacted business for his local patrons in various sample houses used as offices. Owing to the building restrictions no more sample houses are available and Burchuk stated that it is impossible to take care of local business at his distant main office, hence his application was made for a permit to open an office to handle real estate matters of people in this vicinity.

Section 8 of the Act of May 6, 1929, P. L. 1551, supra, 53 PS §3829, under which the Zoning Ordinance of the City of Philadelphia was passed, gives the Board of Adjustment the following powers: "...... 2. To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance. 3. To authorize, upon appeal, in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." Subsection 8 of section 4 of the Zoning Ordinance provides as follows: "A temporary non-conforming use, which will benefit the public health or welfare or promote proper

development of a district in conformity with the intent of this ordinance, may be permitted for a period of not more than (1) one month on the approval of the Board of Adjustment, but any such use to be permitted for a longer period shall require a public hearing thereon, after which a Board of Adjustment certificate may be issued for a period not exceeding one (1) year in any case." The Board of Adjustment was the body to resolve the opposing interests and decide whether the temporary use would, under all circumstances result in any substantial infringement of the interests of neighboring landowners and of the city.

Section 8 of the 1929 Act, supra, and the Zoning Ordinance of Philadelphia specifically authorize the court of common pleas to take testimony when the court deems it necessary to a decision of the appeal from the action of the Board of Adjustment. The testimony was sufficient to support the board's conclusions. Certainly this court cannot say that the board's action, affirmed by the court below, was erroneous as a matter of law, on the facts presented in this record. We do not believe that the framers of the Act of 1929, supra, or of subsection 8 of section 4 of the Zoning Ordinance, intended so narrow a construction to be placed on the board's powers as would prevent the granting of the *temporary* non-conforming use in this case. Had the use granted been permanent, rather than temporary, a different problem would be before us.

In reviewing the record we conclude that the question of granting or refusing the temporary permit under the statute and ordinance in the present case, was primarily one of fact for the administrative authorities. This court recently stated in *Hasley's Appeal*, 151 Pa. Superior Ct. 192, 30 A. 2d 187, p. 194: "Questions of fact relating to the nature and use of premises are primarily within the province of the administrative officials and boards appointed to enforce the provisions

of zoning laws: *Krink's Case (McKeessport's Appeal)*, 128 Pa. Superior Ct. 405, 408, 194 A. 231 (affirmed in 332 Pa. 236, 2 A. 2d 700). Where an official body in its administrative capacity has acted upon a matter properly before it we do not reverse except for substantial reasons constituting a manifest and flagrant abuse of discretion: *Perelman et al. v. Yeadon Borough*, 144 Pa. Superior Ct. 5, 10, 18 A. 2d 438; *Valicenti's Appeal*, 298 Pa. 276, 148 A. 308; *Jenning's Appeal*, 330 Pa. 154, 159, 198 A. 621."

The learned court below concluded that the temporary non-conforming use permit "will benefit the public welfare" and "promote proper development" of the district in conformity with the intent of the ordinance. We do not find any abuse of judicial discretion, nor does any other reason appear that justifies our interference with the court's disposition of this case.

The order of the learned court approving the Zoning Board of Adjustment's granting Alexander Burchuk a temporary non-conforming use permit and remitting the record to the board to determine whether the temporary permit shall date one year from October 25, 1942, or April 20, 1943, the date of the court's order, is affirmed at appellants' costs.