## Allen v. Zoning Board of Adjustment et al.

*Ralph S. Croskey*, for appellant.

*Frank F. Truscott*, city solicitor, and *G. Coe Farrier*, assistant city solicitor, for Zoning Board of Adjustment.

*Edward E. Dicker*, for intervening defendant.

MACNEILLE, P. J., February 8, 1946.—This case comes before the court on appeal on a writ of certiorari directed to the Zoning Board of Adjustment of the City of Philadelphia. The controversy relates to the renewal of a grant of a "temporary nonconforming use" permit for business purposes of a building within a zoning district restricted to residential use and involves the sole question whether such a permit may be renewed.

Alexander Burchuk, intervening defendant, is the owner and occupant of premies 5901 Castor Avenue, which premises is located in a district designated, under the Philadelphia Zoning Ordinance, approved August 10, 1933 (Ordinances and City Solicitor's Opinions, 1933, page 268), as a "D" residential district and under said ordinance the use of the premises for the conduct of a real estate business is prohibited unless a "temporary nonconforming use" permit is issued by the board of adjustment. Prior to this action Burchuk applied for a permit to use the basement of his residence as a real estate office, which was granted by the board of adjustment for one year from October 25, 1942.

In accordance with the provisions of section 8 of the Zoning Act of May 6, 1929, P. L. 1551, 53 PS §3829, an appeal from an order of the board allowing the permit was taken by certain residents of the district to the Court of Common Pleas No. 7, as of September term, 1942, no. 2521, and Burchuk intervened as an appellee. Appellants opposed the granting of the permit on the ground that the proposed use would be an invasion of the strictly residential character of the district and that it was not such a use as would "benefit the public health or welfare or promote the proper development" of the district and thus not justified as a temporary nonconforming use within the meaning of section 4(8) of the Philadelphia Zoning Ordinance which provides:

"(8) Temporary Non-Conforming Use. A temporary non-conforming use, which will benefit the public health or welfare or promote proper development of a district in conformity with the intent of this ordinance, may be permitted for a period of not more than one (1) month on the approval of the Board of Adjustment, but any such use to be permitted for a longer period shall require a public hearing thereon, after which a Board of Adjustment certificate may be issued for a period not exceeding one (1) year in any case."

The court held that the grant of the certificate for a period of one year lay within the discretion of the board and the order was affirmed. An appeal was then taken to the Superior Court in the case of Gish et al. v. Exley et al., 153 Pa. Superior Ct. 653, and the court affirmed the lower court's decision. Burchuk refrained from opening a real estate office pending the court action and upon reapplying for a temporary nonconforming use permit, it was granted for a period of one year from April 28, 1944. Shortly before the permit was about to expire, Burchuk renewed his application for another year, which was refused by an inspector of the bureau of engineering, surveys and zoning, but on appeal to

the board of adjustment a temporary nonconforming use permit was issued to a further period of one year from April 28, 1945. It is from this latter action of the board of adjustment that the present appeal by way of certiorari is taken.

The question thus before the court is whether section 4(8) of the Philadelphia Zoning Ordinance permits a renewal of a temporary nonconforming use permit. The zoning ordinance was passed under the authority of the Zoning Act of May 6, 1929, P. L. 1551, 53 PS §§3822-3833. Under the terms of said ordinance as stated, supra, the use of Burchuk's premises for the conduct of a real estate office is not permitted. The restrictions concerning the use of the premises are an inherent part of the ordinance. The power to permanently alter, change, or amend the restrictions is nowhere given to the board of adjustment. Section 27 of the ordinance provides for the only method by which permanent changes in the restrictions may be made and this is by amendment to the ordinance by vote of council. It would thus seem to follow that since the board of adjustment has no power to permanently alter, change or amend the restrictions or permissible uses of the entire district or of individual premises, that there also would be no power to renew temporary nonconforming permits from year to year and thus permanently accomplish indirectly what could not be done directly. Section 4(8) of the Philadelphia Zoning Ordinance also provides that a temporary nonconforming use permit may be issued for one month upon approval of the board of adjustment without a public hearing. This provision is contained in the same paragraph that allows the permit to be granted for one year upon public hearing. If the ordinance were construed to allow a permit to be renewed from year to year at the discretion of the board of adjustment, upon public hearing, then section 4(8) must also be construed to allow the board to renew a permit from month to month, and even without a public hearing.

Carried to its logical extreme, if the board approved the renewal of the permit month after month, it would in effect become permanent and would be allowing an administrative board to legislate into existence a zoned district different from the one authorized by proper legislative authority. We believe the city council never intended such power to be conferred. The ordinance itself, providing for the manner in which permanent restrictions may be lifted, namely, by amendment to the ordinance, leads us to the conclusion that any section of the ordinance granting power to an administrative board to permit exceptions to the uses of the premises must be strictly interpreted.

In Gish et al. v. Exley et al., Court of Common Pleas No. 7, September term, 1942, no. 2521, supra, the court, in this same case, after finding that the board of adjustment had exercised its discretion properly in issuing a temporary nonconforming use permit, further stated at page 8:

"If we had here a request for a permanent non-conforming use permit, we might decide against the granting of such permit for then an administrative board would, in fact, be legislating into existence a zoned district different from the one authorized by the proper legislative authority."

Upon appeal, the order of the lower court above was affirmed in Gish et al. v. Exley et al., 153 Pa. Superior Ct. 653. There the court stated at page 657:

"Had the use granted been permanent, rather than temporary, a different problem would be before us."

We are further led to hold that section 4(8) of the zoning ordinance, providing in part that:

". . . but any such use to be permitted for a longer period shall require a public hearing thereon, after which a Board of Adjustment certificate may be issued for a period not exceeding one (1) year in any case" must be interpreted in its intended sense. The phrase "in any case" means in any case in which the parties

and the state of facts are the same. The application for renewal involves the same set of facts and the same parties and is the same case as the original application —it is but a renewal or a continuation of the identical case.

We, accordingly, find that the authority of the board of adjustment to issue temporary nonconforming use permits is limited to a period not exceeding one year and may not be renewed at the discretion of the board.

### Order

And now, February 8, 1946, the order of the Zoning Board of Adjustment granting Alexander Burchak a renewal of a temporary nonconforming use permit for the period of one year from April 28, 1945, is reversed, and the record remitted to said board for the purpose of canceling said temporary permit in conformity with this opinion.