# In re Wynnefield Jewish Centre

*E. Louis Rosen,* for applicants.

*A. Allan Goodman,* for exceptants.

SMITH, P. J., January 31, 1944.—This is an application for a charter for a nonprofit corporation known as Wynnefield Jewish Centre. A master was appointed by this court to take the testimony of witnesses for and against the granting of the application and to report thereon to the court. The master recommends the granting of the charter. Exceptions are filed to the said report and the recommendation of the master.

The application was properly filed in accordance with the provisions of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, and its amendments. Section 203 of article II of the said statute has been complied with and the notice of said application has been properly advertised in accordance with section 206 of said statute. The Deputy Secretary of the Commonwealth of Pennsylvania has certified the availability of the name requested and it has been duly registered by the proper department of the State. The location and post office address of the said application is 5820 Overbrook Avenue, in the City of Philadelphia. The articles of incorporation state the following purposes of the proposed corporation:

"To maintain a place for the worship of the Almighty God, according to the faith, doctrine, creed and usages of the Jewish faith; to establish a home and social center where Jewish youth may develop mentally, physically and morally; to found a school where Jewish children shall be taught Jewish history, literature and principles of Jewish religion."

This said property situate at 5820 Overbrook Avenue is located in class "A" residential and was formerly occupied as a single-family dwelling.

There are four primary objections to the granting of the charter:

1. The presence of the synagogue in a strictly residential neighborhood would depreciate the value of real estate in the immediate vicinity;

2. It would constitute a nuisance;

3. There was no real necessity for it; and

4. The applicants had failed to apply to the Zoning Board of the City of Philadelphia for a permit to conduct a synagogue on said premises and they have no such permit.

To the above objections, the court finds that:

1. There is no satisfactory evidence advanced which shows that the presence of a synagogue at 5820 Over-

brook Avenue will depreciate the value of real estate in the immediate vicinity. Ten years ago this particular property had a value of $40,000. Immediately before its acquisition by Samuel Kessler, its present owner, it had a value of $15,000. Like all other parcels of real estate of like size and construction, through the past several years it has depreciated in value. There is no evidence presented that the establishment of a house for religious worship in any residential neighborhood has caused adjacent property to become depreciated in value.

2. There has been no satisfactory evidence presented that it will become a nuisance. Surely a church or synagogue is not per se a nuisance. The charter shows affirmatively that the purposes of the proposed corporation are lawful and not injurious to the community. If it should later become a nuisance by reason of its use, the neighbors have an adequate remedy at law in a proper forum.

3. We are not concerned with the exception that no need for it exists. As the privilege of incorporation and the requirements to obtain it are wholly statutory, the courts are not entitled to grant or refuse the right except on legal grounds. The absence of the necessity for it is not a valid reason for refusal of a charter: Deutsch - Amerikanischer Volksfest - Verein, 200 Pa. 143, 145; Philadelphia Labor's Non-Partisan League Club's Application for Incorporation, 328 Pa. 465.

4. Exception no. 4, which was not discussed by the master, seems the most substantial. This property is in a class "A" residential section of the city in which only houses for single residences may be erected and occupied. The property situate at 5820 Overbrook Avenue is of that type and character. That this was in the knowledge of Samuel Kessler, its owner, is evidenced by the fact that he appeared before the zoning board and obtained permission for Rabbi Rosen to occupy it not only with his immediate family, but also for his

office. No application has been made to the zoning board for a permit to use the said property as a church or synagogue in addition to the two other purposes of use. The zoning board of adjustment may, in particular cases where unnecessary hardship would otherwise result, authorize variance from the terms of the zoning ordinance in harmony with its general purpose and intent and with the public interest.

"Where an official body, in its administrative capacity, has acted upon a matter properly before it, the courts [should] not reverse except where there is a manifest and flagrant abuse of discretion": Valicenti's Appeal, 298 Pa. 276, 281; Fleming v. Prospect Park Board of Adjustment, 318 Pa. 582.

This question may be properly raised by the applicants for the charter or by those in the neighborhood affected by the use made of this property. We do not consider it is now relevant to the issue before us. A proper forum is established to determine that question. We are of the opinion that, even if the zoning board should refuse a permit for the use of 5820 Overbrook Avenue as a dwelling for a single family, an office of a rabbi, and a synagogue, so that the applicants would have to locate elsewhere in this general neighborhood, we may still properly approve the granting of this charter. All the essentials necessary for the granting of a charter have been properly proven before the master; the application and articles of incorporation are in proper form and within the provisions of the Nonprofit Corporation Law of May 5, 1933, P. L. 289; the purposes of the proposed corporation are lawful and not injurious to the community; it is a nonprofit corporation; the said name, Wynnefield Jewish Centre, has been duly registered in the office of the Secretary of the Commonwealth of Pennsylvania and its initial post office address in the City of Philadelphia is at 5820 Overbrook Avenue.

*Decree*

And now, to wit, January 31, 1944, the master's report is approved, exceptions thereto are dismissed, and the articles of incorporation of the Wynnefield Jewish Centre are approved, and, upon recording of the same and of this decree, the said corporation of the first class shall come into existence for the purposes and upon the terms therein stated.