Valicenti's Appeal.

Argued October 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Samuel A. Schreiner,* for appellant.—Where a zoning ordinance requires the application to be accompanied by a plot plan showing the actual dimensions of the lot and the size of the building to be erected thereon, drawn to scale, the building inspector is justified in issuing a permit in relying on such plan as conclusive evidence of the actual location of the building with reference to the building line.

The revocation of a permit by the board of adjustment on the ground that the building inspector was misled by the plot plan as to the location of the building was not such an abuse of discretion as to warrant reversal of its

decision: Bugbee's App., 110 Pa. 331; Pa. Knitting Mills v. Bayard, 287 Pa. 216; Liggett's Petition, 291 Pa. 109; Junge's App., 89 Pa. Superior Ct. 543; Kerr's App., 294 Pa. 246.

A municipality, in the enforcement of a zoning ordinance in a particular case, is not estopped by the omission or failure of its officers or employees to enforce its provisions in other cases of a similar nature: New Castle City v. Withers, 291 Pa. 216; Com. v. MacDonald, 16 S. & R. 390.

The existence of infractions of a zoning ordinance in the neighborhood, but not upon the same street, does not render the enforcement of a building line established by the ordinance, inequitable, unfair and discriminatory: Phila. v. Com., 52 Pa. 451.

*Martin Croissant*, with him *Walter W. Riehl*, for appellees.—When Valicenti entered on the construction of the dwelling pursuant to the permit, he acquired a vested right therein: Dobbins v. Los Angeles, 195 U. S. 223.

To be constitutional, the zoning ordinance must operate upon all alike: White's App., 287 Pa. 259.

The board of adjustment under the zoning ordinance has no legal power to revoke the permit of appellees.

The reasons assigned by the board of adjustment for revoking the permit are insufficient in law.

OPINION BY MR. JUSTICE SADLER, November 25, 1929:

The first-class Township of Mount Lebanon, in Allegheny County, pursuant to statutory authority granted by the Act of June 29, 1923, P. L. 957, passed a zoning ordinance on May 24, 1926. It provided a comprehensive plan to divide the land included into districts, regulating the construction of buildings thereon. It required, in its third article, that houses, when erected in the residential area known as U 1, should conform in their front building-line to that fixed on recorded plans, but in case no such restrictions appeared of record, then

a set-back should be made, at a distance to be determined by that established by 80% of the buildings constructed on the same street at the time the ordinance was passed.

Within the township, a plan of lots, known as Colonial Heights, was laid out, which required all residences erected thereon to be placed 30 feet back from the streets designated thereon, excepting, however, from the measured distance, "eaves, porches, steps or bay windows."

On adjoining plots, having a 25-foot restriction, facing Arden Road, two houses are erected having an enclosure on the second story above the porch, such as here attempted, and, in four other instances, like residences have been erected within the residential district U 1, though facing on different streets, two being on part of the Colonial Heights development. Whether permits were issued allowing such construction, or, if so, any steps to cause the removal of the prohibited projections have as yet been taken by the township authorities, does not appear.

Valicenti desired to build on lot 31, facing Arden Road, and applied to the building inspector for a permit, as required by the ordinance, which directed that before the same was granted, duplicate plans should be presented, one to be kept by the officer named, and the other given the contractor. These maps were required to be drawn to a scale, showing the size of the proposed structure, and its relation to the highway and adjoining properties, so as to indicate whether there was a compliance with the regulations as to front, rear, and side yards. The draft, found by the court to have been actually submitted, was in pencil, having marks thereon showing the house was to be built 30 feet back from the street, without disclosing a projection of any kind. A duplicate, later produced by the contractor, had noted thereon the lines of a proposed porch within the proscribed area, though not stating its height, but this second map was not shown to the township officer, as the trial tribunal determined on this appeal. It is urged that the true in-

tention of the appellant could have been learned had the house plans been examined, but this was not required by the ordinance. Nor was the township bound to know that an unlawful projection was contemplated because such appeared on two other houses on another street, on the same plot, and four on other plans had been thus built within the residential district.

A permit to construct on the basis of the map presented, showing the required set-back of 30 feet from Arden Road, was issued on December 12, 1928, and the actual excavation commenced on the 26th of the same month. The carpenters began the superstructure on January 2, 1929, and practically completed their work by the 23d. The foundation for the porch was laid on February 2d, when the inspector then discovered that the intention was to build it with a closed second story thereon, which, in fact, was to form part of a bedroom of the house itself. A prompt protest followed, with notice to desist from further work. This was disregarded, with the result that a summary proceeding was instituted against Valicenti before a justice, as the ordinance provided, and a fine imposed. Notwithstanding, the contractor continued to complete the projection planned, and, on the 18th, was again notified to cease operations. This he refused to do, claiming the protection of the original permit issued, asserting that the structure objected to was in reality but a bay window. Negotiations for an adjustment were ineffective, and, on March 2d, adjoining owners appealed to the board of adjustment, created under the terms of the ordinance, asking that the permission to erect a house theretofore granted by the inspector be revoked. In the meantime, the top over the porch was enclosed with sides and roof, and prepared for plastering within. The appeal board heard the parties, revoked the permit, and directed the removal of the unlawful projection. It further ordered that, if this direction was not complied with, the inspector should refuse permission to occupy the completed dwelling. These

remedies were proper under the ordinance, if the board was justified in granting any relief. Such a tribunal may be constitutionally provided to act in disputes arising from zoning ordinances (Ward's App., 289 Pa. 458; Junge's App. (No. 2), 89 Pa. Superior Ct. 548), where an appeal has been taken within a reasonable time. The common pleas later found that the action was brought with sufficient promptness, under the circumstances disclosed, and with this conclusion we agree.

By the Act of 1923, already referred to, an appeal from the action of the board could be taken to the common pleas upon special allowance, and the decision rendered brought up for review. In considering the order subsequently made, it is to be remembered that "where an official body, in its administrative capacity, has acted upon a matter properly before it, the courts [should] not reverse except where there is a manifest and flagrant abuse of discretion": Liggett's Petition, 291 Pa. 109, 117. It will set aside the decision made only if it appears to be illegal in whole or in part: Act of 1923, supra, section 7. The reasons for the action of the adjustment board, as well as the testimony inducing the decision, must appear in the record returned for review, though this may be supplemented at the hearing by additional witnesses. If no legal ground for the finding made is shown, the same may be set aside, as has been done in cases where exceptions to the compliance with the requirements of the ordinance have been granted, without necessity therefor appearing: Junge's App. (No. 1.), 89 Pa. Superior Ct. 543; Johnson's App., 93 Pa. Superior Ct. 599.

In the trial court, the constitutionality of the zoning ordinance generally, as not a proper exercise of police power, was unsuccessfully attacked. The question raised has been so frequently discussed in our recent cases that a mere reference to the previous decisions will suffice: Liggett's Petition, supra; Ward's App., supra; White's App., 287 Pa. 259. The particular provision re-

quiring a set-back has been upheld in a carefully considered opinion by Mr. Justice WALLING, in Kerr's App., 294 Pa. 246, to which reference is specially made. It was urged in the present case that the permit must be sustained because not fraudulently obtained, but the court found the original plan presented to the inspector did not show the projection complained of, and the character of the actual construction above the porch, which was in reality a part of a bedroom of the house, was not made known until after the building was in part erected. The court was of opinion that the inspector should have known of the contractor's intention to so build within the 30 feet, since this fact would have been disclosed had the building plans been examined, though the projection did not appear on the plot filed, as required by the ordinance. In reaching this conclusion, the court was influenced by the fact that other buildings had been constructed with like obstructions, on a different street, on the same plan, and at some distance on Arden Road, on lots laid out on another plot. It held that the refusal of the board to permit Valicenti to proceed would be unfair and discriminatory, and therefore illegal.

In White's Appeal, supra, where a zoning ordinance, fixing the set-back, was based, not on a building line designated by a plan recorded prior to its passage, as here, but on an arbitrary basis determined by the extent of recession of 80% of the properties in a particular block, it was said the regulation was without justification, not applying equally to all blocks in the same residential district, or even to both sides of the same street, located in the same square. The legislation was, therefore, held unconstitutional, as an attempted unlawful use of the police power. An entirely different situation is found in the present case. The zoning ordinance fixed the building lines, as determined by plans recorded prior to its passage, as the proper set-back, and it applied to all property similarly situated. It was not, therefore, arbitrary or discriminatory, and the ruling in the au-

thority cited is not controlling here. Had the attempt been made to fix the line as that existing, at the time of the passage of the ordinance, in the case of 80% of the buildings then erected, a different conclusion might be reached, but that proposition is not before us in the present proceeding.

A further position was taken that, by reason of the expenditure on the faith of the permit, the appeal board should not have insisted on a strict compliance with the terms of the ordinance. It is true that variations may be permitted, but only in cases of practical necessity, and for reasons that are "substantial, serious and compelling": Junge's App., supra; Johnson's App., supra. An examination of this record leads to the belief that Valicenti was not misled as to his rights by any act of the building inspector. Instead, he secured a permit, not by affirmative misrepresentation, but by failing to disclose the fact that any projection within the 30 feet was intended. When his purpose was discovered, he received prompt notice of the illegality of his act, and, upon refusal to cease his operations, was brought before a justice and fined. He still persisted in continuing the work despite a second warning, and cannot now be heard to say that he was deceived and injured through the fault of the municipality.

Certainly, the township authorities are not to be denied the right to impose legal regulations because of continued violation not complained of until discovered. As was said in 21 C. J. 1186, cited with approval in New Castle City v. Withers, 291 Pa. 216: "Estoppel may be invoked against the United States, a state, a municipal corporation, or other governmental agency or instrumentality in respect of acts done in its so-called proprietary or private capacity as distinguished from its so-called governmental or public capacity, in the strict scope of which it cannot be estopped."

Nor is there force in the suggestion that in six other instances in the residential district designated as U 1,

owners had failed to strictly obey the provisions of the zoning ordinance. A similar suggestion was thus answered by Mr. Justice SCHAFFER, in New Castle City v. Withers, supra, at page 222: "The fourth position assumed by appellant, that the city cannot enforce part of the act [regulating plumbing] because it does not enforce other parts, is another quite novel proposition, that the violator of a law in one respect has a standing to challenge its enforcement against him because it is not enforced in all respects and against everybody." The failure of the board to act until this time is no defense to the action against the present defendant. The public authorities owe a duty to enforce the lawful regulations of the township against each and every violator. All such are liable to summary proceedings by section 5 of article V of the ordinance, and by article VIII there is given the power to restrain, correct or abate any violation that may exist, and also to prevent the use or conduct of business in any structure erected contrary to the requirements of the zoning legislation. The fact that such action has not as yet been instituted against others furnishes no excuse to the defendant. "The validity of the ordinance does not usually depend on a completely successful enforcement of its provisions, nor can one who violates it be discharged, merely because it is shown that there are other violators who have not been convicted, or that those whose duty it is to perform the duties required by it have fallen short, through inattention or intentional omission or neglect": People v. Gardner, 143 Mich. 104, 106 N. W. 541, 543. No legal reason for setting aside the action of the board of adjustment was presented, and its order should have been approved.

The order and decree of the court below is reversed, and that of the board of adjustment of Mount Lebanon Township is reinstated, at the cost of appellee.