## Covenant Presbyterian Church v. Board of Adjustment

*John R. Dierst, Jr.*, and *Griggs, Moreland & Blair*, for plaintiff.

*Robert W. Baldrige*, for defendant.

SMART, J., August 27, 1945.—This cause is before the court on an appeal filed by the Covenant Presbyterian Church of the City of Pittsburgh from the refusal of the board of adjustment of zoning of the Borough of Wilkinsburg to issue to appellant a building permit and a certificate of occupancy and compliance under the Act of June 29, 1923, P. L. 957 sec. 7.

The Covenant Presbyterian Church of the City of Pittsburgh was incorporated in 1939 as a nonprofit corporation of the first class for the purpose of religious worship and acquiring real estate. It is affiliated with and is part of the National church organization of the Orthodox Presbyterian Church.

For the past seven years appellant has been holding regular church services in property owned by it at 303 Neville Street, Pittsburgh, Pa., and for the past year has been conducting a Sunday school in Blackridge, near the site of the proposed church, subject to these proceedings.

Appellant is the owner of a lot 75 feet wide, with a depth of 160 feet, on the easterly side of Graham Boulevard, in the First Ward of the Borough of Wilkinsburg, Allegheny County, Pa., being lot no. 25 and the southerly 15 feet of lot no. 24 in the Mansion plan of lots. Prior to the purchase of the property appellant

had plans and specifications prepared for a proposed church construction. These plans and specifications were approved by Charles F. Sperling, the building inspector for the Borough of Wilkinsburg and by the Department of Labor and Industry of the Commonwealth of Pennsylvania. Under the zoning ordinance of the Borough of Wilkinsburg this property is located in "C" residence district, and under the said ordinance, which was passed by the Borough of Wilkinsburg in 1929, being no. 1089, in article III, sec. 9, the land in this district "may be used and buildings or structures may be erected, altered or used only for the following:

"Permitted Uses: (1) one family dwelling; (2) church; (3) library; (4) telephone exchange building; (5) greenhouse (as an accessory building) ; (6) accessory uses; (the provisions shall be the same as prescribed in 'A' residence district, see section 7)."

The said plans and specifications for the proposed church structure, together with the plot plan and application for a building permit and the certificate of occupancy and compliance, were filed with Charles F. Sperling, the building inspector for the Borough of Wilkinsburg. On June 14, 1945, by letter appellant was notified that its application for a building permit was "rejected" by a motion of council held June 11, 1945. An appeal was taken to the board of adjustment of zoning board of the Borough of Wilkinsburg and a hearing was held before the said board on June 25, 1945. On June 29, 1945, the said board of adjustment of zoning board filed a report which refused to grant a permit for the construction of the said church, assigning as reasons:

"(1) The board is of the opinion that the building as represented by plans submitted would not be in harmony with the buildings and residences in this district.

"(2) It appears that the application is made by the Covenant Presbyterian Church of Pittsburgh and that

no members of the said church, as far as could be ascertained, live in this locality and that objections have been filed by 119 residents of the district, objecting to the location and construction of the present building as submitted by the plans.

"(3) The board is of the opinion that the intent and purpose of the zoning ordinance was to permit churches to be built for the benefit of and for the citizens of the locality,

"(4) and to prohibit the erection of any building or buildings which would depreciate the value of the property in the locality,

"(5) and that any person or persons coming into this neighborhood should not be permitted, indiscriminately, to construct just any type of a building, merely because it is dedicated to a permitted use."

Nowhere in the record in this case does it appear that the plans and specifications did not meet all the requirements of the zoning and building ordinances of the Borough of Wilkinsburg. Counsel for the board of adjustment and the intervenors admitted in their brief and in oral argument that all the reasons assigned by the board for its action are unsound except one, which they contend is a sound reason, this being:

"The board is of the opinion that the building as represented by plans submitted would not be in harmony with the buildings and residences in this district."

It is their contention that under the Act of 1923, P. L. 957, sec. 7(3), which provides as follows:

"The Board of Adjustment shall have the following powers:

"(3) To authorize, upon appeal, in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

And under the provisions of the borough ordinance, which provides in article XIII, sec. 52:

"Board of Adjustment.

"Powers. . . . Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance, the board shall have the power in passing upon appeals to vary or modify any of the regulations or provisions of this ordinance in harmony with its general purpose and intent and in accordance with the general or specific rules herein contained so that the spirit of this ordinance shall be observed, the public health, the public safety and the general welfare secured and substantial justice done."

The board may vary the regulations and provisions of the ordinance.

In other words under this power to "vary", the board of adjustment of zoning board of the Borough of Wilkinsburg claims the power to impose additional burdens and restrictions upon real estate not imposed by the zoning ordinance after property has been purchased and plans prepared and submitted conforming to the requirements of the ordinance. We have not been able to find any case, nor has counsel called any to our attention, in which this power to "vary" has been used to enlarge the restrictions contained in the ordinances or the law. This power has been employed exclusively where a strict interpretation of the building requirements and the zoning laws would cause undue hardship upon the property owner and where the public interest would not be otherwise affected. The Supreme Court of Pennsylvania in a recent case, handed down on March 20, 1945, Devereux Foundation, Inc., Zoning Case, 351 Pa. 478, has laid down the rules which must govern us in a decision of this appeal. At page 485 of the opinion, Mr. Justice Horace Stern said:

"We do not believe that it was the intention of the legislature, nor of the township supervisors, to empower a board of adjustment to set at naught the zon-

ing statute and ordinance under the guise of a variance. The power to authorize such a variance is to be sparingly exercised and only under peculiar and exceptional circumstances, for otherwise there would be little left of the zoning law to protect public rights; prospective purchasers of property would hesitate if confronted by a tribunal which could arbitrarily set aside the zoning provisions designed to establish standards of occupancy in the neighborhood. Indeed, if such power were to be interpreted as a grant to the board of the right to amend or depart from the terms of the ordinance at its uncontrolled will and pleasure, it might well be challenged as being an unconstitutional delegation of legislative authority to a purely administrative tribunal."

It was held in Valicenti's Appeal, 298 Pa. 276, 281:

". . . 'where an official body, in its administrative capacity, has acted upon a matter properly before it, the courts (should) not reverse except where there is a manifest and flagrant abuse of discretion:' "

Also—

"If no legal ground for the finding made is shown, the same may be set aside, . . . ."

We are of opinion that the reasons assigned by the board are not legal grounds for the refusal of the permit and, therefore, there was a manifest and flagrant abuse of discretion on the part of the board. As was stated by the Supreme Court in the Devereux Foundation case, above cited, "prospective purchasers of property would hesitate if confronted by a tribunal which could arbitrarily set aside the zoning provisions designed to establish standards of occupancy in the neighborhood".

It is to be noted that this appellant, before consummating the purchase of the property on May 31, 1945, had submitted the plans and specifications for the proposed church to the building inspector of Wilkinsburg and they were approved by him on January 26,

1945. They were also submitted to and approved by the Department of Labor and Industry of Pennsylvania on January 22, 1945.

## Order

And now, August 27, 1945, the appeal is sustained; the action of the board of adjustment of zoning board of the Borough of Wilkinsburg in refusing the appeal, dated June 29, 1945, is reversed; and the case is referred back to the board of adjustment to issue the building permit and the certificate of occupancy and compliance as applied for.