## Elvan v. Exley et al.

*Alexander S. Lipschutz,* for appellant.

*Frank F. Truscott* and *G. Coe Farrier,* for Zoning Board of Adjustment.

BOK, P. J., March 13, 1947.—This is a zoning case in which Judge Bok has heard testimony on appeal from the zoning board and has filed an opinion upholding the board's action in denying the permit.

At argument on exceptions before the court en banc, counsel for Michael Boyajian filed a petition to intervene. It appears from this petition that he was the original party to this appeal and now asserts an interest in the proceedings because he is the record owner of the property and has an uncompleted agreement of sale with John Elvan, who was stipulated into the record on September 17, 1946, in place of Boyajian. Elvan, wanting to operate the property as a cleaning establishment, naturally carried the burden of seeking the necessary permit and appealing from the refusal to grant it, but Boyajian may not get his purchase money if Elvan cannot operate as planned and hence asserts his interest. He avers that he has had no notice of the proceedings to date and has not been heard, as he now wishes to be. He also avers that he has proof to offer.

There is no criticism of the board for not hearing Boyajian in the first place, since the laboring oar was more properly in Elvan's hands: the outcome of the proceedings does, however, revive the importance of Boyajian's interest.

We regard it as sufficiently substantial to be allowed. And because he was not heard originally by the zoning board, it is our opinion that instead of our ordering the taking of further testimony, it is proper to refer the entire matter back to the board for a full and thorough hearing de novo. Boyajian's interest can then be asserted, together with Elvan's, from the beginning, with the possibility that the case will present a different aspect in view of the entire situation.

We should be inclined, if this point were not present, to direct a further hearing in any event. The record as it stands does not warrant our reversing Judge Bok's opinion, for we do not see an abuse of discretion by the board. But there are obvious gaps that should be filled if a just conclusion is to be reached, and an abuse of discretion might appear if the full picture were pre-

sented. For example, the other cleaning establishments in the neighborhood are located only by their addresses. The record does not tell us how near they are in fact, and it does not tell us the condition of the neighborhood in which they are. The only description we have is of the block in which the subject property is located, and that leaves us without basis of comparison. It has been suggested at argument that this point is irrelevant, under Valicenti's Appeal, 298 Pa. 276 (1929), but we doubt this. That case held that the zoning board was not estopped to proceed against one violation merely because it had not proceeded against other violations near by—a very different situation, since we are concerned not with violations but with the propriety of refusing a permit when other permits have been granted in the near vicinity.

We are constrained to say that the case so far appears to present a hardship. Appellant and Boyajian have a substantial amount invested in the property, and if it is true that similar places have been permitted in the neighborhood under similar conditions, there would seem to be no compelling reason for refusing this application. We note in this connection that the fire marshal has approved the plans for alteration and there is evidence that once altered accordingly, the property will be not only safe but reasonably inoffensive. The consideration of these matters is, we are convinced, wholly within the board's discretion, which we are sure it will exercise with care and impartiality in view of the new evidence to be adduced.

Because of Boyajian's interest and of the state of the record, we are of opinion that in the interests of justice a new hearing should be had.

The petition of Michael Boyajian to intervene is granted, and the case is referred back to the zoning board of adjustment for a hearing de novo.