## Grant's Appeal

*Harry F. Hauser*, for appellants.

*J. Ernest Nachod*, for Dr. Vansant.

*David E. Groshens*, for Board of Adjustment of Abington Township.

KNIGHT, P. J., June 6, 1947.—This is an appeal by a number of aggrieved citizens from a decision of the Board of Adjustment of Abington Township granting a special exception and variance to Dr. Allen S. Van-

sant, permitting him to establish a hospital for small animals in a property owned by him at the westerly corner of Cedar Road and Gibson Avenue, in Saw Mill Ward No. 2 of Abington Township.

The property contains two acres on which is erected a large three-story stone house. The doctor proposes to use the first floor for his office in his practice as a veterinarian and also as a hospital for small animals, principally dogs and cats. The hospital will be a small one and will be modern and sanitary, and precautions will be taken to make it as sound proof as reasonably possible. There will be an exercise pen for the dogs, but otherwise they will be confined to the interior of the building. The doctor and his family will occupy the second and third floors as living quarters. There will be no change in the exterior of the building, and no sign may be displayed advertising the hospital. The premises are situate in an "H" residence district as zoned by the Abington Township Zoning Ordinance of 1936.

In an "H" residence district a building may be used for the offices of professional people in connection with their homes.

The ordinance also provides that buildings may be used for "education, hospital, religious or philanthropic use (excluding correctional institutions), only where there are adequate sewer facilities; when authorized by the Board of Adjustment in accordance with Section 16 of this Ordinance".

The board of adjustment seems to base its decision on the proposition that a small animal hospital is an accessory use as defined in section 14(a) of the ordinance.

It is argued that Dr. Vansant has the right under the ordinance to practice his profession in his home, and the maintenance of a small animal hospital is customary and incidental to this permitted use.

With this proposition we cannot agree. The maintaining of a hospital for humans is certainly something that is not incident to the practice of a physician, and we see no distinction in the cases of animals. It may be customary for a veterinarian to keep a dog or cat overnight, but the doctor proposes to do more than that in his establishement.

The board, however, has the right to authorize the use of a building as a hospital if there are adequate sewer facilities.

There is no sewer available to the property in question, but we are of the opinion that it is within the power of the board to grant a variance in respect to the sewer.

It seems most unreasonable to say to this landowner that he may not establish his small hospital simply because there is no sewer he can hook up to. Certainly the public health and welfare will not be prejudiced by the lack of a sewer connection in this small hospital. Here is a case where the literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and it is for such cases that the law permits the board of adjustment to allow a variance.

The petition of Dr. Vansant was for a special exception or variance and in effect the board granted both. This must be so, for it granted permission to use the first floor of the building for a small animal hospital. If this was but an accessory use incidental to the practice of a veterinarian, no permission from the board was necessary.

We are, therefore, of the opinion that the board was authorized to grant a special exception in this case, and we now consider whether it abused its discretionary power in granting it.

We have read and reread the testimony taken before the board of adjustment and that taken in this court.

Before the board of adjustment protestants based their objection on the ground that the exception if

granted would be one opening wedge to further encroachments of business in a residential neighborhood. They seem to overlook that professional people could establish offices in their homes without permission of the board of adjustment, and that the zoning ordinance contemplated that hospitals could and would be located in this zone provided the consent of the board of adjustment were obtained.

In this court protestants shifted their grounds of objection and urged the nuisance elements of the proposed hospital, the noise made by barking dogs, and the odors from the incinerator, all of which would cause a depreciation in the value of their homes. We can understand their apprehensions but we believe their fears are exaggerated.

There will be no change in the outward appearance of the house, and nothing that will visually call attention to the fact that it is used in part as a hospital for small animals. If the hospital turns out to be a nuisance in fact, our court of equity is open to afford relief.

On this question of abuse of discretion we can do no better than to quote at length from a recent pronouncement of our appellate court on the subject, Perelman v. Board of Adjustment of Yeadon Borough, 144 Pa. Superior Ct. 5 (1941):

" 'Factual questions which relate to the nature and use of premises are primarily within the province of the administrative officials and boards appointed to enforce the provisions of zoning laws': Krink's Case (McKeesport's Appeal), supra. The decision of an administrative board having jurisdiction to determine the question of fact submitted for its consideration, is entitled to great weight and, as stated in Jennings' Appeal, 330 Pa. 154, 159, 198 A. 621, 'should be set aside only for substantial reasons'.

"It has been held frequently that where an official body in its administrative capacity has acted upon a matter properly before it the court should not reverse except where there is a manifest and flagrant abuse of discretion. See Liggett's Petition, 291 Pa. 109, 139 A. 619; Valicenti's Appeal, 298 Pa. 276, 148 A. 308; and Fleming v. Prospect Park Board of Adjustment, 318 Pa. 582, 178 A. 813.

"The burden rested upon the petitioners in their appeal to the court below to show affirmatively that the board abused its discretion, as, for example, in that there was not substantial evidence to support its findings or that its ruling was erroneous as a matter of law . . .

"If a court can set aside the findings of the board refusing or granting a variance, which are supported by substantial evidence and not otherwise erroneous as a matter of law, and decide the factual question itself, the board will become more or less a useless formality. If the board's determination is shown to be arbitrary and contrary to the weight of the evidence the court is authorized and should make its own ruling: Gilfillan's Permit, 291 Pa. 358, 363, 140 A. 136; Junge's Appeal (No. 1), 89 Pa. Superior Ct. 543."

We have examined this entire record with care and can find nothing therein which would warrant us in holding that the board of adjustment abused its discretion or exceeded its powers in granting the special exception and variance. We have always held that appeals from decisions of a board of adjustment should be heard by the court en banc. Due to the great press of business in the last six months, this has become physically impossible and this appeal was heard by the writer. In order that the three judges may consider the case if desired by the parties or either of them, we make the following order:

And now, June 6, 1947, unless exceptions are filed within 15 days, the appeal will be dismissed and the decision of the board of adjustment affirmed.

The petitioners to pay the costs.

(No exceptions having been filed the order became final.)