Ventresca *v.* Exley (et al., Appellants).

Argued December 4, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON and JONES, JJ.

*G. Coe Farrier,* Assistant City Solicitor, with him *Frank F. Truscott,* City Solicitor, for City of Philadelphia, appellant.

*Philip Richman,* with him *Richman & Richman,* for intervenors, appellants.

*Oscar Brown,* with him *Robert H. Arronson* and *Samuel Kagle,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 5, 1948:

The Philadelphia Zoning Board of Adjustment, having granted certificates of variance for the erection and occupancy of a garage building in a residential district, subsequently rescinded its action and ordered the revocation of the permits. The court below held the revocation improper and set it aside,—a decision from which the City of Philadelphia and some intervening neighbors now appeal.

Ernest Ventresca, a sewer contractor, owner of a large unimproved lot on the east side of Oakley Street between Cottman Avenue and Walter Street, petitioned the Bureau of Engineering, Surveys and Zoning for permission to build thereon a one-story structure 30 by 30 feet to be used as a garage and repair shop for his trucks. His application was refused for the reason that Oakley Street on both sides for several blocks south from Cottman Avenue was zoned as a "C" residential district and the intended uses were not permitted in such a district by the city's Zoning Ordinance of August 10, 1933. He appealed to the Board of Adjustment which, after a public hearing, no protestants appearing, issued on August 10, 1946, certificates of variance authorizing the construction of the proposed building and the uses of it as applied for. Thereupon some 248 residents of the neighborhood signed and submitted protests to the Board, which then held another public hearing, re-in-

spected the premises and surrounding areas, and, on December 14, 1946, having concluded that the variances should not have been granted, directed the Bureau to revoke the permits that had been issued in accordance with the certificates. Meanwhile Ventresca had obtained from Court of Common Pleas No. 4 a writ of certiorari directed to the Board; the court, after hearing testimony, entered a decree sustaining plaintiff's appeal and setting aside the revocation.

The Act of May 6, 1929, P. L. 1551, provided that in cities of the first class the council might, by ordinance, divide the city into districts and regulate therein the erection and the use or occupancy of buildings. It also provided for the appointment of a Board of Adjustment, which (section 8) should have the power "To authorize, upon appeal, in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." It will be noted that a variance is thus permissible only where, owing to *special conditions,* an *unnecessary hardship* would otherwise result. Accordingly it has consistently been held that the authority of the Board of Adjustment is not an arbitrary one and that it may grant a variance only if an alleged hardship is "substantial and of compelling force", (*Kerr's Appeal,* 294 Pa. 246, 253, 144 A. 81, 84) ; only "in cases of practical necessity, and for reasons that are 'substantial, serious and compelling,' " (*Valicenti's Appeal,* 298 Pa. 276, 283, 148 A. 308, 310, 311) ; and only where the hardship is unnecessary and the interests of the owners and occupants of the neighboring properties are protected : *Jennings' Appeal,* 330 Pa. 154, 159, 160, 198 A. 621, 623 ; *Devereux Foundation, Inc., Zoning Case,* 351 Pa. 478, 483-485, 41 A. 2d 744, 746, 747 ; *Junge's Appeal (No. 1),* 89 Pa. Superior Ct. 543, 546 ; *Appeal of Heman Johnson,*

93 Pa. Superior Ct. 599; *Heubner v. Philadelphia Saving Fund Society,* 127 Pa. Superior Ct. 28, 36, 192 A. 139, 142.

In the present instance there is nothing in the record to indicate that any such prerequisites for the granting of a variance existed. In the certificates which the Board issued for the construction of the building it was stated merely that "owing to the peculiar conditions surrounding these premises an unnecessary hardship would be imposed upon the owner if the strict requirements of the Ordinance *as to rear yard, set back and side yard* are enforced," and in one of the certificates concerning the proposed uses of the structure that "owing to the peculiar conditions surrounding these premises, a [use registration] permit for a garage and repair shop should be granted". There is not so much as a pretense that any "unnecessary hardship" would befall the applicant if the ordinance were enforced—any hardship "substantial and of compelling force"—or that the case was one of "practical necessity"; indeed it is not conceivable how any such conditions could have existed since the proposed structure was to be erected upon a large vacant lot which plaintiff could not possibly have purchased in reliance on any preconceived ability to obtain a variance. According to the ordinance a garage and repair shop such as that here contemplated is permitted only in industrial districts; its allowance is discretionary with the Board, subject to certain limitations, in commercial districts; it is not permitted at all in residential districts and can be established there only by a variance granted under the conditions prescribed by the statute, conditions which, as already stated, do not exist in the present case. The certificates, therefore, were wholly illegal; to attempt to justify them, as plaintiff seeks to do, by the argument that the "C" residential district in which the lot is located is surrounded on the one side by an industrial and on the other by a commercial zone is obviously futile, because, if carried to its logical con-

clusion, it would mean that the Board, which is merely an administrative tribunal, could override both the statute and the ordinance by changing a residential into a commercial or industrial district,—a power which is possessed only by the city council.

Plaintiff makes much of the fact that a variance was granted about a year previously for the erection and use of a structure for manufacturing of tools and instruments almost directly across the street from where his proposed garage was to be located; he also presented evidence of variances granted by the Board in other residential districts. This evidence should not have been received or, being received, should not have been considered, because the question whether such other variances were properly allowed would necessarily depend upon the circumstances in each case and would therefore have no bearing whatever upon the legality of the certificates involved in the present proceedings: *Valicenti's Appeal*, 298 Pa. 276, 283, 284, 148 A. 308, 311; *Hasley's Appeal*, 151 Pa. Superior Ct. 192, 193-195, 30 A. 2d 187, 188, 189.

If, then, the certificates of variance were improperly and illegally granted, it would seem self-evident that the Board of Adjustment had not only the right but the duty to revoke them even if there were no express grant of power of revocation given to the Board by statute or ordinance. In fact, however, the City Ordinance of August 10, 1933, section 29 (6) does expressly provide that the Board "may . . . cancel or revoke a Board of Adjustment certificate for the violation . . . of this ordinance," and since the Board is thus given the power to revoke a certificate if there be any violation of the ordinance on the part of the grantee it would be absurd to contend that it could not similarly revoke a certificate by the issuance of which it had itself violated both the ordinance and the Act of Assembly. We are not called upon to decide whether such a power of revocation exists where a certificate has been granted in the exercise of

a permissible discretion, because here, as previously
pointed out, there was nothing which called for or per-
mitted the exercise of any discretion on the part of the
Board. And while, no doubt, if a permit or certificate has
been *lawfully* granted and *has been acted upon* by reason
of the property owner incurring obligations and pro-
ceeding to erect the building there may arise vested
rights which are protected by the federal and state con-
stitutions (*Herskovits v. Irwin,* 299 Pa. 155, 149 A. 195),
in the present case plaintiff expended merely small sums
for a plan and survey and was able to cancel the orders
which he had given for the purchase of building material;
he acquired therefore no rights which could not be re-
called: *Gold v. Building Committee of Warren Borough,*
334 Pa. 10, 5 A. 2d 367; (cf. *Clarke's Appeal,* 37 D. & C.
670, 677-679; *Gheen v. Mencer,* 52 D. & C. 422, 427).

The decree is reversed; the order of the Board of Ad-
justment directing the revocation of the permits is rein-
stated and the certificates of variance and permits issued
to plaintiff are herewith declared null and void.