## McNichol et al. v. Gallagher et al.

*Michael J. O'Donnell*, for plaintiffs.

*Frank F. Truscott*, city solicitor and *G. Coe Farrier*, assistant city solicitor, for defendants.

MACNEILLE, P. J., November 13, 1948.—We are considering an appeal from the decision of the zoning board of adjustment in refusing to grant a certificate of exception for the use of premises 2230-46 Christian Street, Philadelphia, Pa., as a garage.

On appeal by a property owner to the court of common pleas from an order of the board of adjustment, the only question before the court is whether the zoning board of adjustment was guilty of a manifest and flagrant abuse of discretion. See Berman et ux. v. Exley, 355 Pa. 445. In the present case the entire record was developed before the trial judge and it is this record we are considering in determining whether the action of the zoning board of adjustment was justified in refusing the certificate of exception and a use registration permit.

The present appeal involves the Philadelphia Zoning Ordinance approved August 10, 1933, passed pursuant to the enabling Act of May 6, 1929, P. L. 1551, 53 PS §3822.

The property involved is premises 2230-46 Christian Street, Philadelphia, Pa. It is in a district zoned as "A" commercial.

Appellants, Dennis J. McNichol and William F. Wahl, have entered into an agreement of sale for the premises provided the property may be used as a garage. Appellants applied for a permit to allow such use, which was refused.

Section 16 of the zoning ordinance lists some 37 specific uses permitted in an "A" commercial district. However, before any property may be used as a garage in an "A" commercial district a certificate of exception must first be obtained.

Section 15(1) of the zoning ordinance provides: "No trade, industry or use that is noxious or offensive by reason of the emission of odor, dust, smoke, gas or noise will be allowed in any commercial district."

Section 29(2) of the zoning ordinance provides: "Use registration permits shall be required for every use commenced after the passage of this ordinance."

Section 29(5) of the zoning ordinance provides: "When specifically required, a Board of Adjustment certificate may be issued by the Board after public hearings, held after due notice and publication of the time, place and purpose of the hearing."

We are thus first called upon to determine whether plaintiffs are entitled under the above provisions of the zoning ordinance to a certificate of exception and a use registration permit.

In order for plaintiffs to establish their right they must show that the proposed use will not be ". . . noxious or offensive by reason of the emission of odor, dust, smoke, gas, or noise . . .," or that owing to special conditions an unnecessary hardship would result to appellants if a certificate of exception were refused. See Ventresca v. Exley et al., 358 Pa. 98.

We have carefully reviewed the record in this case and we do not believe that under the circumstances any unnecessary hardship will be placed on appellants herein. They are not the owners of the property. They have merely entered into an agreement of sale for the premises. The agreement specifically provides that it is "conditional upon the parties in interest being able to obtain, within 45 days from date of acceptance, a permit from the Zoning Board of the City of Phila-

delphia for conducting their business of Motor Freight Transportation. . . ." The fact that appellants have not even purchased the property, coupled with the fact that the agreement of sale was entered into with knowledge that a permit must first be obtained for the proposed use, leads us to the inescapable conclusion that appellants have failed to prove an unnecessary hardship as a result of the action of the zoning board of adjustment.

Further, a review of the evidence convinces us that the zoning board of adjustment was justified in refusing the certificate of exception and use registration permit on the ground that the interest of the owners and occupants of the neighborhood properties would not be protected because of the likelihood that the proposed use of the premises would create a noxious or offensive use "by reason of the emission of odor, dirt, smoke, gas, or noise. . . ."

Appellants contend, however, that they are entitled to a certificate and permit under section 4 of the zoning ordinance.

Section 4(2) provides:

"Any building or the use of any building existing at the time of the passage of this ordinance that does not conform in use, height, location, size or bulk with the regulations of the district in which it is located, shall be considered a non-conforming building or use, and may continue such use in its present location, but shall be subject to the regulations covering non-conforming uses."

Section 4(3) provides:

"Change of Use. A non-conforming building or use shall be considered as such unless and until it complies with the regulations of the district in which it is located. Such use shall not be changed to a use designated for a district having less restrictive regulations."

Section 4(4) provides:

"Discontinued Use. A non-conforming use when discontinued may be resumed as the same class of use but cannot be resumed as a non-conforming use of a lower class."

The testimony of record reveals that the premises were used from 1928 until 1941 as a carpet mill for the mending, repairing, cleaning and altering of carpets. The premises were then used for a short time as a church and the church organization having gone out of existence, the building has remained vacant for two years.

A review of the evidence convinces us that the use of the premises as a rug factory did not include the storage and maintenance of trucks as intended by appellants in their proposed use. This being true, since the nonconforming use which existed in 1933 has been discontinued, appellants, in order to obtain a certificate of exception and a use registration permit, are bound by the provisions of the zoning ordinance. However, as stated supra, the zoning board of adjustment has lawfully refused such certificate and permit, as was their prerogative.

In Darling v. Zoning Board of Adjustment, 357 Pa. 428, the court had for interpretation section 4 of the zoning ordinance. Said the court, at page 430:

"Sub-paragraphs (3) and (4) of section 4 prohibit change of non-conforming use to a use designated for a district having less restrictive regulations, that is, the use or resumption of use may not be for a use designated for a Commercial, Industrial or Least Restricted District, the classes named in section 5. The draughtsman of the ordinance doubtless had a reason for stating the provisions in the forms adopted, but they mean substantially the same thing as the much shorter provision contained in the ordinance considered in Haller Baking Company's Appeal, 295 Pa. 257, 259-260, 145 A. 77, which provided, 'The lawful use of

land existing at the time of the adoption of this ordinance, although such use does not conform to the provisions hereof, may be continued, but, if such nonconforming use is discontinued, any future use of said land shall be in conformity with the provisions of this ordinance.' "

We believe the action of the zoning board of adjustment was justified upon the record developed before the court and in our independent review of the record we believe the certificate of exception and the use registration permit should be refused.

Wherefore, the appeal is dismissed, and the order of the board refusing a certificate of exception is reinstated.