Reininger Zoning Case.

Argued April 13, 1949.  Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Calvin S. Smith,* with him *Smith, Paff, Van Sickle & Gafford,* for appellant.

*George F. Coffin, Jr.,* for appellee.

*Edward J. Fox, Jr.,* with him *Fox & Oldt,* for intervenor appellee.

OPINION BY MR. JUSTICE JONES, May 23, 1949:

This is an appeal from an order of the Court of Common Pleas of Northampton County affirming the refusal by the Zoning Board of Appeals of the City of Easton of the appellant's application for an occupancy permit in circumstances which would have required the granting of a variance.

In a case of this nature, the only question properly before the court below was whether the Board of Adjustment, in refusing the variance requested, was guilty of a manifest and flagrant abuse of discretion: *Berman v. Exley,* 355 Pa. 415, 417, 50 A. 2d 199; *Jennings' Appeal,* 330 Pa. 154, 157, 198 A. 621; *Valicenti's Appeal,* 298 Pa. 276, 281, 148 A. 308; *Liggett's Petition,* 291 Pa. 109, 117, 139 A. 619. Appellate court review of the action of the lower court is limited as on certiorari. In *Triolo v. Exley,* 358 Pa. 555, 558, 57 A. 2d 878 (a zoning case), Mr. Justice PATTERSON, speaking for this

Court said,—"The scope of appellate review in the instant case is as on certiorari: [citing cases]. Only where the record clearly establishes an arbitrary, capricious or unreasonable determination or a clear violation of positive law will appellate courts interfere with the exercise of an administrative duty by officials entrusted therewith: *Floersheim Appeal,* 348 Pa. 98, 100, 34 A. 2d 62." None of the specified grounds for appellate interference is present here.

The instant appeal rests on no more than the appellant's factual controversy with the manner of the zoning board's earlier administration of the ordinance in respect of several other properties which she alleges were situated similarly to her own in relation to the zoned area although she "failed to prove that a permit was granted [in the other instances] or that the board approved of the [alleged] changes." The utter irrelevancy of such assertions, even if true, is manifest: see *Ventresca v. Exley,* 358 Pa. 98, 102, 56 A. 2d 210; *Valicenti's Appeal,* supra, at pp. 283-284; *New Castle City v. Withers,* 291 Pa. 216, 222, 139 A. 860; *Hasley's Appeal,* 151 Pa. Superior Ct. 192, 193-195, 30 A. 2d 187. Moreover, the applicant made no attempt to show that the refusal of a variance would cause her exceptional practical difficulty or undue hardship. See *Huebner v. Philadelphia Saving Fund Society,* 127 Pa. Superior Ct. 28, 36, 192 A. 139. She was content to rest her request for a variance on the immaterial grounds of "added advantage and financial benefit" that would accrue to her if she were permitted to rent her single dwelling as three apartments. See *Jennings' Appeal,* supra, at p. 158; *Fleming v. Prospect Park Board of Adjustment,* 318 Pa. 582, 584, 178 A. 813. The findings made by the hearing judge have ample support in the evidence and were confirmed by the court en banc. Under the facts so established, there is not the slightest basis for the appellant's

allegation that the board's administration of the ordinance worked a want of due process as to her.

The requested occupancy permit, which, if granted, would have allowed the appellant's conversion of a single dwelling in an "A" residence district into three apartments contrary to the express restrictions of the zoning ordinance, would necessarily have required the granting of a variance. The board's refusal, therefore, of something to which the applicant had neither legal claim nor right was incapable, in the circumstances, of amounting to a denial of the equal protection of the laws. The record is barren of any evidence of discrimination against the appellant. As the learned President Judge of the court below pertinently pointed out with respect to the cases cited and relied upon by the appellant in this connection (*Yick Wo v. Hopkins,* 118 U. S. 356, and *Snowden v. Hughes,* 321 U. S. 1),—"These cases and others in the same category are clearly distinguishable from the case before us, in that they are concerned with the denial of a right to which the particular claimant was entitled on the face of applicable ordinances or statutes, while in the case at bar claimant asserts that she has been wrongfully deprived of the right to do an act expressly forbidden by ordinance. To state such a doctrine as the latter is to refute it."

Order affirmed at appellant's costs.