Deane, Appellant, *v.* Edgeworth Borough Board of Adjustment.

Argued November 18, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John R. Dierst, Jr.,* with him *Griggs, Moreland, Blair & Douglass,* for appellant.

*Harold R. Schmidt,* with him *John Evans Rose* and *Rose, Rose & Houston,* for appellee.

OPINION BY DITHRICH, J., January 20, 1953:

This is an appeal from an order of the County Court of Allegheny County sustaining the action of the Board of Adjustment of the Borough of Edgeworth affirming the refusal of the building inspector to issue a building permit.

Lorena Deane, appellant, acquired title to a parcel of land in Edgeworth Borough by deed dated February 16, 1951. The property is at the northeast corner of Chestnut Road and Beaver Road. It has a frontage of 434.45 feet on Chestnut Road and a depth of 196.76 feet. There is a three-story main dwelling house set back 85 feet from Chestnut Road, about 128 feet from the east side line and 55 feet from the rear property line. A two-story frame building, about 43 by 40 feet in area, stands in the upper right, or northeast corner of the lot, about 5.5 feet from the rear property line and about 10 feet from the east side line. This building, with the main dwelling house, was erected prior to 1900. It was originally designed and actually used as a stable. It now serves as a four-car garage. Since 1904 no housekeeping has been done in the building; there are no quarters or facilities for housekeeping, cooking, or sleeping.

Appellant applied to the building inspector of Edgeworth Borough for permission to remodel part of the structure into a six-room apartment for purposes of rental to persons other than the owner of the main or residential building. The application was refused. On June 11, 1951, an appeal was taken from this refusal to the Borough Board of Adjustment. A public hearing was held on June 18, 1951. The appeal was dismissed for the reason stated that the proposed use of the frame building would not be a use accessory to the main single-family dwelling under the requirements of the Zoning Ordinance.

Appellant then petitioned the Court of Common Pleas of Allegheny County to allow an appeal from the decision of the Board of Adjustment. The appeal was allowed but the record was subsequently certified to the County Court of Allegheny County, as provided by section (k) of Act No. 205 of 1951, P. L. 994, 17 PS §626.

After a hearing de novo before LENCHER, P. J., at which time witnesses for both sides were heard, the appeal was dismissed. The court, in a memorandum opinion, stated that it saw no grounds for reversal. Exceptions were filed to the opinion of the hearing judge and on February 26, 1952, after argument before a court en banc, the exceptions were overruled. The appeal is before us for review as on certiorari. *Crawford Zoning Case*, 358 Pa. 636, 57 A. 2d 862.

The court below found that the Board of Adjustment had sustained the building inspector on the basis of two Borough ordinances. The first is Ordinance No. 257, the Zoning Ordinance. This was passed on December 20, 1949, at a time long after the structure under discussion had come to be used exclusively as a garage and before the Deanes had acquired the property. These are the pertinent sections of the ordinance:

"Section 301. . . . A building may be erected, altered, or used [in the residential area in which the lot under discussion is located], and a lot may be used or occupied for any of the following purposes and no other:

"1. Single family detached dwelling.

"2. Accessory use on the same lot with and customarily incidental to any of the foregoing permitted uses. The term 'accessory use' shall not include a business, professional office or studio or rooms for home occupations. . . .

"Section 302. . . .

"5. . . . There shall be a rear yard on each lot which shall be not less than twenty-five (25) feet in depth."

There is no dispute before this Court, nor was there in the proceedings below, over the validity and applicability of the Zoning Ordinance. Appellant seeks a variance from the set-back provisions as provided for in the ordinance, although not requested of the Board of Adjustment. She contended in the court below and before this Court that her property conforms to all restrictions placed on the area except for the width of the back yard.

The Subdivision Ordinance, passed and approved September 19, 1950, provides that no lot or parcel of land may be divided into two or more lots, and no permit to erect, alter, or repair any building on a subdivision may be issued until a subdivision plan has been approved by the Borough. The parties have stipulated that appellant obtained no such approval; nor does it appear that she sought such approval. She maintains that, although the ordinance was regularly enacted and is an ordinance of the Borough, at the time of its enactment the Borough did not have the power to pass such an ordinance. The Legislature did not specifically authorize the boroughs of the Commonwealth to enact subdivision ordinances until July 19, 1951 (P. L. 1026, §7, 53 PS §13731). However, the general power to regulate the planning of streets and the arrangement of lots was granted to the boroughs in 1927 (P. L. 519) and in more detail in 1947 (P. L. 1621, 53 PS §13251).

Appellant further maintains that, if the ordinance is valid, it is ineffective as against her because it was not recorded, as required by the Act of May 20, 1949, P. L. 1531, 53 PS §271, in the office of the Recorder of Deeds of Allegheny County. That Act, as clearly

appears from the title, requires the filing of "copies of building ordinances" and makes no application to subdivision ordinances.

Furthermore, neither the Board of Adjustment nor the court below based its decision on appellant's failure to meet the requirements of the Subdivision Ordinance. The question was not raised before the Board; it was raised by appellant for the first time on appeal to the court below and in our opinion is not material to the disposition of the issue before us. The Board of Adjustment based its decision solely on the ground that the variance was not an accessory use.

In the appeal from the Board of Adjustment the only question properly before the court below was whether the Board, in refusing the variance requested, was guilty of a manifest and flagrant abuse of discretion: *Reininger Zoning Case*, 362 Pa. 116, 117, 66 A. 2d 225; *Berman v. Exley*, 355 Pa. 415, 417, 50 A. 2d 199. "Only where the record clearly establishes an arbitrary, capricious or unreasonable determination or a clear violation of positive law will appellate courts interfere with the exercise of an administrative duty by officials entrusted therewith": *Triolo v. Exley*, 358 Pa. 555, 558, 57 A. 2d 878; quoted in *Reininger Zoning Case*, supra, at p. 118. The duty of this Court is to determine whether there was evidence to justify the action taken below. *Fleming v. Prospect Park Board of Adjustment*, 318 Pa. 582, 178 A. 813.

Appellant relies almost solely upon the *Crawford Zoning Case*, supra. There the lower court had affirmed the action of a Township Board of Adjustment in refusing a variance. The Supreme Court reversed the lower court and allowed the owner of a coach house, a building similar to the type concerned here, to make alterations and to use the building as his residence, although its position was closer to the property line

than that prescribed by the Zoning Ordinance. The circumstances, however, were materially different from those pertaining here. The building in the *Crawford* case was the only structure on the lot. The owner evinced an intention to make the altered building his residence. Except for the side and rear yard requirements, for which the variance was requested, the owner met all provisions of the Zoning Ordinance. The Supreme Court observed that the Board's refusal of a variance was apparently governed only by general aesthetic considerations. These considerations the Court considered to be outweighed by the peculiar circumstances of the case.

The issue before us here, however, is not simply whether the Board of Adjustment should have granted a variance from the rear yard requirement. In her petition for appeal appellant alleged that she had subdivided the property, placing the garage on a lot separate from the lot on which the main dwelling house stands. This allegation was specifically denied by the Borough, and the record reveals no evidence of any subdivision, actual or intended, except a line drawn in pencil on the plan. On the other hand, appellant's husband testified that it was her intention to continue using the driveway, the entrance to which would perforce be within the part of the property assigned to the garage, if the minimum width requirement of 90 feet is to be met. He testified further that the owner intended to continue storing two automobiles in the garage. The Zoning Ordinance provides (§100(14)) that not more than one private noncommercial vehicle owned by persons other than the owner or tenant of property may be stored in a private garage. If the altered garage were sold or rented, this proposed use of the premises would be in violation of this section of the ordinance.

Since there is no evidence of a subdivision of the property and no sufficient evidence that one is intended, the question remains as it was originally presented to the Board of Adjustment: Should the owner of these premises be permitted to make alterations to the garage and then rent part of it to other persons for living quarters? This would clearly not be a "customary" accessory use, which is the only accessory use allowed by the Zoning Ordinance. The Board of Adjustment refused a permit for the alteration and use of the building as rental living quarters solely on this ground, apart from any consideration of set-back requirements.

Appellant contends that the Board was guilty of a "manifest and flagrant abuse of discretion" in that its refusal of the variance requested will force the owner to move the building 19½ feet. But the *Crawford* case, supra, does not hold that a Board of Adjustment's refusal to waive set-back requirements for conversion of a garage into living quarters is, ipso facto, a manifest and flagrant abuse of administrative discretion. In *Phillips v. Griffiths*, 366 Pa. 468, 77 A. 2d 375, where owners altered a former coach house and garage and moved in without seeking a variance from set-back provisions, the owner asked the Court to overlook the violation, since the variance, if requested, would certainly be granted because of the similarity of the facts to those of the *Crawford* case. The Supreme Court reversed the lower court's finding in favor of the owner and reiterated the principle (p. 472) that "The granting of a variance in every case lies within the discretionary power of the Board of Adjustment and this Court will not set aside the Board's decision in the absence of an abuse of that discretion."

There was substantial evidence presented, both at the hearing of the Board of Adjustment and before the County Court, of potential effects of the requested

variances deleterious to adjoining properties and to the surrounding neighborhood. We cannot set aside the findings of the Board and of the court in the face of this evidence. *Reininger Zoning Case,* supra; *Fleming v. Prospect Park Board of Adjustment,* supra; *Anderle Appeal,* 350 Pa. 589; 39 A. 2d 829; *Gish v. Exley,* 153 Pa. Superior Ct. 653, 34 A. 2d 925.

Appellant is asking, not for a variance which, in terms of the ordinance, "will not be contrary to the public interest . . . so that the spirit of this Ordinance shall be observed and substantial justice done," but, in effect, that the letter and spirit of the ordinances of the Borough be suspended so that she may convert the building into a combination garage and dwelling from which she would derive a rental income and at the same time continue it as a necessary accessory to the main residence. What was said by the Supreme Court in *Fleming v. Prospect Park Board of Adjustment, supra* (p. 584), is particularly apposite here: "The only reason for authorizing a departure in this instance appears to be the added advantage and financial benefit to appellant, through increase in the rental value of her apartments. This is not sufficient to warrant interference by us in a matter which was, in any event, primarily one of discretion with the board of adjustment."

Order affirmed at appellant's costs.