## Rowland, Sr., v. Zoning Board of Adjustment

*Bellwoar & Rich*, for appellant.
*Matthew W. Bullock, Jr.*, contra.

KUN, P. J., December 28, 1954.—This is an appeal from the zoning board of adjustment. The board refused to grant plaintiff's application for an extension of a certificate of variance which had been issued to plaintiff on August 26, 1948. The certificate provided that the work for the authorized use was to begin within six months after its issuance. While it appears that plaintiff had some work done on the premises in question, the board found in its findings that the specific work authorized by the certificate of variance was never done. It was not begun within the six months' period or at any time thereafter.

Factual determinations by the zoning board are entitled to great weight and should be set aside only for substantial reasons: Jennings' Appeal, 330 Pa. 154, 159. Findings of fact by a zoning board, if supported by substantial evidence, cannot be set aside on appeal, and we cannot substitute our judgment for that of the board on controversial questions of fact: Deane v. Edgeworth Board of Adjustment, 172 Pa. Superior Ct. 502, 509.

Plaintiff, under the authority granted to him by the certificate of variance, secured a permit on September 9, 1948, to build seven apartments within the building in question. The record contains substantial evidence that from the time the construction began in 1948 until the date of the hearing before the board, there was a conversion to only four apartment units in the building. In the meantime considerable changes were made in the construction of neighboring private dwellings at great cost. Furthermore, only four families have lived in the building in question for about five years. Construction of seven apartment units as authorized not having been begun within six months after the certificate of variance was issued, and for several years thereafter, the board did not abuse its

736

discretion in holding that no hardship was suffered in reliance on the original certificate issued back in 1948.

Plaintiff cited several cases where work had not been begun within six months and where the board had nevertheless granted an extension three or four years later. The case before us is distinguishable because there is ample evidence that plaintiff had abandoned his original plans and had actually made a different kind of conversion of his property. The fact of abandonment was made conclusively clear by plaintiff's application for another certificate of variance for the same property in August of 1952, wherein he asked for the right to remodel the property into a six-family dwelling, which application was denied. Thus, not only had there been no work started on the seven-family dwelling but also any plans to begin such work in the future had been abandoned by his new application. The cases cited by plaintiff are not apposite because there was no element of abandonment in any of them.

Whatever rights plaintiff may have to a new certificate of variance under new conditions, it is quite clear that the board did not act arbitrarily when it denied the application for an extension of the certificate of variance issued back in 1948.

The appeal from the zoning board is dismissed.