## Hauss v. Power et al.

*D. F. D'Agui*, for appellant.

*A. L. Freedman*, City Solicitor, and *R. H. Markowitz*, Assistant City Solicitor, for Zoning Board of Adjustment.

REIMEL, J., November 4, 1955.—This is an appeal from the decision of the Zoning Board of Adjustment in refusing to grant a permit for the operation of a beauty parlor at 8010 Leon Street in a "D" residential district of the City of Philadelphia, as a "home occupation".

The record discloses that appellant with her husband purchased premises 8010 Leon Street, Philadelphia, where they reside with their two children. The property is located in a "D" residential district and appellant applied for a use registration permit to the Department of Licenses and Inspections so that she

could use a portion of the basement of the home as a beauty shop. The application was refused and on appeal to the Zoning Board of Adjustment the action of the zoning administrator was affirmed. This appeal followed.

The area in which applicant desires to operate a beauty shop is zoned "D" residential. The Zoning Ordinance permits accessory uses in a residential district. Section 14(a) of the Zoning Ordinance provides:

"ACCESSORY USES. The accessory uses in residential districts shall include such uses as are customary and incident to any permitted use, not involving the conduct of a business, but may include the office or studio of a professional person and home occupations engaged in by occupants of a dwelling and may include a private garage or private stable."

Applicant contends that the operation of the beauty parlor is a "home occupation" within the meaning of the Zoning Ordinance. Section 2(12) of the Zoning Ordinance defines the term "home occupation" as follows:

"HOME OCCUPATION. Any lawful occupation customarily conducted in a dwelling as an incidental use."

The basic difficulty with looking to tradition to determine what is a home occupation is that methods of doing things change as time passes. The operation of a beauty shop involves electric driers, hair pressing and curling equipment as well as elaborate hair-washing facilities that are standard equipment. The establishment of a beauty parlor in a home therefore involves an extensive operation usually requiring considerable plumbing work in order to adapt the premises for the proposed use. The introduction of an operation of this type into a residential neighborhood is not consistent or harmonious with a residential zoning classification.

Clearly, the exercise of judgment is required in determining whether or not a beauty shop is the kind of use contemplated as a "home occupation" by the ordinance. Since the property in question is a residential property, part of a row of buildings all used for residential purposes, there are no special circumstances which require the issuance of a variance to protect applicant's property rights.

The zoning board has exercised its administrative discretion and determined that the proposed use would be out of harmony with a residential neighborhood. The board has decided that it should not permit a commercial venture in a neighborhood devoted solely to residential purposes. The Zoning Board of Adjustment should be reversed only where a flagrant and manifest abuse of its discretion is shown: Catholic Cemeteries Assn. Zoning Case, 379 Pa. 516 (1954); Reininger Zoning Case, 362 Pa. 116 (1949); Triolo v. Exley, 358 Pa. 555 (1948).

Appellant testified that she and her husband purchased the property in question on July 5, 1955, before a decision was had on her appeal to the zoning board. She testified that she desires to use a portion of the basement of her home, an area about 18 feet by 10 feet for the operation of a beauty shop, that there is an entrance to this basement area from the street as well as from the first floor of the house, that she will have no display signs on the exterior of the property except the one required by the Department of Cosmetology, that she will use one or two driers, that she will have no employes and that she will service three or four persons a day.

The court finds that appellant has not proved "hardship" as required by section 5 of the ordinance and that the decision of the Zoning Board of Adjustment was neither arbitrary nor capricious and that the appeal must be dismissed.

*Order*

And now, to wit, November 4, 1955, the appeal of Clara Hauss from the decision of the Zoning Board of Adjustment is dismissed.